### Fuehrer
### v.
### Board of Education of
### Westerville City School District
*[Cite as 4 AOA 376]*

*Case No. 89AP-1253*
*Franklin County, (10th)*
*Decided June 12, 1990*

*Rogers & Godbey Co., L.P.A., Mr. George C. Rogers and Mr. William Ahern, for Appellant.*

*Enz, Jones & Legrand, Mr. Grey W. Jones and Ms. Belinda S. Barnes, for Board of Education of Westerville City School District, Appellee.*

*Sheppard & Bale, and Mr. Alan Wayne Sheppard, for Industrial Fabricators, Inc., Appellee.*

*Mr. Richard Colby, for Third-Party Defendants.*

YOUNG, J.

Appellant, Martha S. Fuehrer, Administrator of the Estate of Scott Fuehrer, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of appellee Board of Education of Westerville City School District. Although appellant sets forth only one assignment of error, the brief addresses three separate arguments. As such, this court will address this matter as three separate assignments of error. Appellant sets forth the following propositions of law:

"Proposition of Law I
"A SCHOOL BOARD WHICH ASSERTS THE DEFENSE OF RECREATIONAL IMMUNITY TO AN ACTION BROUGHT AGAINST IT BY A STUDENT FOR PERSONAL INJURIES ALLEGED TO HAVE BEEN CAUSED BY KNOWN HAZARDS ON SCHOOL PROPERTY HAS THE BURDEN OF ESTABLISHING THE FACTS WHICH GIVE RISE TO SUCH IMMUNITY. [*sic*] UNDER THE STATUTE SECTION 1533.18 REVISED CODE.

"Proposition of Law II
"TO ACQUIRE THE IMMUNITY OF THE RECREATIONAL STATUTE, A LANDOWNER MUST GRANT PERMISSION TO THE PUBLIC TO USE ITS LAND FOR RECREATIONAL PURPOSES FOR FREE. [*sic*] AND SHOW THAT THE PERSON INJURED WAS A RECREATIONAL USER AS DEFINED BY STATUTE.

"Proposition of Law III
"OHIO HAS RECOGNIZED LIABILITY OF SCHOOLS AND EMPLOYERS FOR RECREATIONAL INJURIES TO STUDENTS ON SCHOOL PROPERTY DURING SCHOOL HOURS. IF RECREATIONAL IMMUNITY STATUTE APPLIED TO THIS CASE IT WOULD APPLY TO THOSE CASES SINCE THE STATUTE MAKES NO DISTINCTION BETWEEN PRE SCHOOL, OR POST SCHOOL HOURS."

The basic facts involved in this case are not in dispute. On or about October 30, 1985, Scott Fuehrer and some other boys were present on the premises of the Westerville South High School soccer field. The boys were on the field at a time when school was not in session and were not involved in any school-organized athletic activities

at the time of the accident. The boys were playing on the soccer goal assembly when the goal assembly toppled over and struck Scott Fuehrer. As a result of the injuries received from this accident, Scott Fuehrer died.

Martha S. Fuehrer, as Administrator of the Estate of Scott Fuehrer, commenced this case as an action for injury and wrongful death. Appellee filed a motion for summary judgment which was granted by the trial court. The trial court concluded that R.C. 1533.181, the recreational user statute, provides immunity to appellee. It is from this decision which appellant appeals.

Appellant's three assignments of error is interrelated and will be addressed together. Appellant contends that R.C. 1533.181 should not have been applied to provide immunity for appellee in this case. According to appellant, Scott Fuehrer was not a recreational user for purposes of the statute, nor was the property in question held open for free recreational use by the public.

Appellee maintains that, even if R.C. 1533.181 did not apply to this case, the trial court had the facts before it to grant summary judgment in favor of appellee on other grounds. Appellee argued in the motion for summary judgment that Scott Fuehrer was, at most, a licensee on the property at the time of the accident; and therefore, appellee was not liable for any injuries he sustained.

Summary judgment, Civ. R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1.

Pursuant to Civ. R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ. R. 56(C) to show genuine issue for trial. See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64.

The single issue raised by appellant's assignments of error is whether appellee is exempt from liability under the language of the recreational user statute R.C. 1533.181, states as follows:

"(A) No owner, lessee, or occupant premises:

"(1) Owes any duty to a recreational user to keep the premises safe of entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

R.C. 1533.18 provides the definitions applicable to that section:

"As used in sections 1533.18 and 1533.181 [1533.18.1] of the Revised Code:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

This court found in *Christman* v. *Bd. of Education* (June 8, 1989), Franklin App. No. 88AP-1075, unreported (1989 Opinions 1915), that school grounds can be included under the definition of "premises," for purposes of R.C. 1533.181. However, for the reasons which follow, this court finds that Scott Fuehrer was not a recreational user.

Appellee argues that school grounds are not held open to the public and that a school board cannot give permission for people to be on school grounds without meeting the formal requirements of R.C. 3313.76 and 3313.77. Although appellee correctly cites the above Revised Code Sections, the fact remains, that the school boards are aware that children use school grounds for recreational purposes after school hours. Because school grounds are not posted with restrictions to notify children that they are not permitted to remain on the property, and because other measures are not taken to ensure that children do not have access to school grounds, there is tacit permission for children to use school grounds for recreational purposes. Therefore, Scott Fuehrer did have tacit permission to be on the school grounds.

Although Scott Fuehrer had tacit permission to remain on school property, at the time of his accident, Scott Fuehrer was not a recreational user because he did not enter upon the school property to "* * * hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits * * *" as required by R.C. 1533.18. Scott Fuehrer and the other boys were not on the soccer field to play soccer. They were cutting across the playing field on their way home and they stopped to play around on the goal assembly. The boys were not engaged in using the posts for the intended recreational purposes when the goal toppled over the struck Scott Fuehrer. Such "misuse" does not qualify as "*** other recreational pursuits ***" for purposes of the statute.

Scott Fuehrer was not a recreational user and appellee cannot be exempted from liability based upon R.C. 1533.181. However, in the motion for summary judgment, appellee also asserted that it was exempt from liability because Scott Fuehrer was, at most, a licensee on the property of the Westerville South High School at the time of the accident.

It is clear that under Ohio law, an owner of land is not liable for injuries sustained by a trespasser or a licensee. In *Garrard* v. *McComas* (1982), 5 Ohio App. 3d 179, paragraph two of the syllabus, this court defined a licensee as follows:

"A 'licensee' includes one who presence upon the land is solely for his own purposes, in which the possessor has no interest, and to whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom." 2 Restatement of Torts 2d 172, Section 330, comment *h*.

A landowner owes no duty to a licensee to warn him or to protect him. There is no duty owed to a licensee other than to warn him of traps. Specifically, there is no duty to maintain premises in a safe condition free from hazards. The licensee must assume the risks and take the premises as they find them. Scott Fuehrer was on the school property for his own benefit and was a licensee. Consequently, appellee is not liable to appellant for the injuries sustained by Scott Fuehrer.

Based on the foregoing, appellant's assignments of error are sustained. However, inasmuch as this court agrees with the argument raised by appellee in its motion for summary judgment that Scott Fuehrer was a licensee, the granting of the motion for summary judgment is affirmed as modified by this opinion, and this matter is re-

---

manded to the trial court for implementation and execution of this modified judgment.

*Affirmed as modified and remanded with instructions.*

WHITESIDE, J., concurs.

BRYANT, J., concurs separately.

Although I concur in the result reached in the majority opinion, I disagree with the majority's conclusion that Scott Fuehrer was not recreational user. To the contrary, the facts before us leave a genuine issue of material fact as to Scott's status in that regard.

Nonetheless, I concur in the majority's conclusion that Scott was a licensee and that, for that reason, appellee's summary judgment motion properly was granted.