OPINION
Plaintiffs-appellants, Robert Thompson, Jr., a minor, and his mother, Brenda Thompson, appeal an order of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Ray and Mary Day, dba Day's Mobile Home Park, in a personal injury action.
Appellees are the owners of a trailer park in Oxford, Ohio known as Day's Mobile Home Park. In the summer of 1995, appellants were residents of the park as was defendant, Della Irwin. Irwin lived in a mobile home which she owned, and leased a lot in the park from appellees. The lot was leased to her under an oral month-to-month tenancy.
In February 1995, Irwin received a two-week old chow dog. Irwin started keeping the dog outside in June 1995. While the dog was kept outside without a fence, a dog house, or a kennel, it was kept on a five-foot long chain which was screwed into the ground with a post. Although the park had a rule that "pets must be on a leash at all times," Ray Day testified in his deposition that the rule included allowing dogs to be tied out in the yard.
On August 15, 1995, Robert Thompson was riding his bicycle in the park on his way to a friend's home. As Robert was riding by Irwin's home, Irwin's dog, which was then chained in the yard, started chasing after him. Robert saw the chain break, the dog jumped on him, bit him and knocked him down. Robert managed to get up, ran to a fence which he tried to climb over, but the dog bit him on the leg. A woman eventually pulled the dog off of him. As a result of the attack, Robert suffered six puncture wounds.
On August 8, 1996, appellants filed a complaint in the trial court against Irwin and appellees alleging, inter alia, strict liability under R.C. 955.28, and negligence. On March 14, 1997, appellees filed a motion for summary judgment. By judgment entry filed April 28, 1997, the trial court granted appellees' motion for summary judgment, denying appellants' negligence and strict liability claims. The trial court held that appellees were not liable under either claim because they were not the harborers of the dog. This appeal followed.
In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of appellees. More specifically, appellants argue that genuine issues of material fact exist as to whether appellees were (1) negligent at common law; (2) strictly liable under R.C. 955.28; and/or (3) negligent per se under R.C. 3733.10(A)(3) with regard to the injuries sustained by Robert due to the dog bite. Because the determination of appellant's first two issues depends upon whether appellees were harborers of the dog, appellant's first two issues will be addressed together.
Civ.R. 56(C) provides in part that summary judgment shall be rendered when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made who is entitled to have the evidence construed most strongly in his favor. A genuine issue of material fact exists when the relevant factual allegations in the pleadings, affidavits, depositions, or interrogatories are in conflict. Duke v. Sanymetal Prod. Co., Inc. (1972), 31 Ohio App.2d 78, 81.
An appellate court must independently review the record to determine if summary judgment was appropriate. Thus, an appellate court affords no deference to the trial court's decision while making its own judgment. Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
It is well-established in Ohio that a suit for damages resulting from dog bites can be instituted under both statute and common law. Warner v. Wolfe (1964), 176 Ohio St. 389, 393. R.C.955.28(B) imposes strict liability on the owner, keeper, or harborer of a dog "for any injury, death, or loss to person or property that is caused by the dog."
The application of R.C. 955.28 requires three issues to be determined by the trier of fact in order to find one strictly liable: (1) whether one is the owner, keeper, or harborer of the dog; (2) whether the actions of the dog were the proximate cause of damage; and (3) the monetary amount of damage. Hirschauer v. Davis (1955), 163 Ohio St. 105, 109. Thus, summary judgment is proper if no genuine issues of fact exist on either of these first two issues.
"Under common law, a plaintiff suing for injuries inflicted by a dog must show that the defendant owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness, and that the defendant was negligent in keeping the dog." Flint v. Holbrook (1992), 80 Ohio App.3d 21, 25-26. "One can negligently keep and harbor a vicious dog without owning either the dog or the premises where the dog is kept." Id. at 26, citing Hayes v. Smith (1900), 62 Ohio St. 161.
In Ohio, the terms "owner," "keeper," and "harborer" are separately defined. "The `owner' is the person to whom the dogs belong and the `keeper' is the one having physical charge or care of the dogs." Garrard v. McComas (1982), 5 Ohio App.3d 179, 182. In the case at bar, it is undisputed that appellees were not the owners of the dog. While appellants claim that "[appellees are] argued to be a keeper or harborer of the dog," their argument exclusively addresses the issue of whether appellees were harborers of the dog. There is no evidence in the record that appellants were keepers of the dog.
Thus, to find appellees liable as a landlord as appellants contend they are, we must determine that appellees harbored the dog as required by R.C. 955.28(B) and/or that they harbored the dog with knowledge of its vicious tendencies under common law.
In determining whether a person is a "harborer" of a dog, the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives. Flint, 80 Ohio App.3d at 25. Thus, a "harborer" is one who is in possession and control of the premises where the dog lives, and silently acquiesces in the dog being kept there by the owner. Sengel v. Maddox (C.P. 1945), 31 Ohio Ops. 201, paragraph two of the syllabus.
It is well-established that a lease transfers both possession and control of the leased premises to the tenant. Riley v. Cincinnati Metro. Hous. Auth. (1973), 36 Ohio App.2d 44, 48. Thus, a landlord's liability as a harborer for injuries inflicted by a tenant's dog is limited to those situations in which the landlord permitted the tenant's dog in common areas. Flint,80 Ohio App.3d at 25.
Appellants argue that although a lease normally transfers possession and control of the leased premises to the tenant, this is not the case here as Irwin's lot was leased under an oral month-to-month tenancy. Appellants contend that because of this particular lease, appellees can terminate the tenancy at will for any reason and thus "retai[n] absolute one-hundred percent control of the premises * * *." We disagree. Although we have not found, and appellants have not cited, any cases specifically addressing appellants' contention, in Sizemore v. Spellman (July 5, 1996), Trumbull App. No. 95-T-5373, unreported, the Eleventh Appellate District applied the foregoing transfer rule even though the owner of the dog lived in an apartment leased under an oral month-to-month tenancy. Appellants' contention is therefore not well-taken.
 Whether a landlord is liable as a harborer for damage or injury inflicted by a tenant's dog depends upon whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and tenant. If the tenant's dog is confined only to the tenant's premises, the landlord cannot be said to have possession and control of the premises on which the dog is kept. If the dog gets loose and roams onto the common areas without the landlord's permission, the landlord cannot be said to have acquiesced. Further, if the landlord has established rules for the maintenance of pets by his tenants, such rules militate against the finding of acquiescence. On the other hand, where the landlord acquiesces in the keeping of the tenant's dog in common or joint areas, by allowing it to use or roam freely over such areas, the two elements of acquiescence and possession and control are present, and the landlord may be held liable as a harborer for damages or injury caused by that dog.
(Emphasis added.)
Godsey v. Franz (Mar. 13, 1992), Williams App. No. 91WM000008, unreported.
"A failure to properly enforce park rules does not constitute harboring an animal since the requisite mental intent is lacking. Further, establishing trailer park rules for the maintenance of animals or pets by one's tenants or residents, does not make one an `owner, keeper or harborer of a dog.'" Bundy v. Sky Meadows Trailer Park (Oct. 23, 1989), Butler App. No. CA89-01-002, unreported.
In the case at bar, in her deposition, Brenda Thompson agreed that before the dog's attack on her son, the dog had always been chained and confined to Irwin's yard. Thompson also testified, however, that a few times before the attack, she had seen the dog run up and down the street. Thompson testified that "[she] believ[ed] it was [Irwin] that went up chasing it" as if the dog had gotten out. Thompson admitted that she neither called the police on those occasions nor did she report to appellees that Irwin's dog was running loose. Thompson testified she did not know whether anybody had reported to appellees that the dog was running loose. Thompson further testified that she did not know whether appellees or their employees knew that the dog was running loose. Thompson's son, Robert, testified that he never saw the dog running loose. Rather, every time he saw the dog, the dog was tied up.
Irwin testified that she never told appellees that she had a dog and that she did not know whether appellees knew she had a dog. Irwin testified that except at night and when the weather was bad, her dog was always tied up outside in the yard. Irwin also testified that she had a "beware of dog" sign posted on the "[f]ront window of [her] porch by the trailer." With regard to her dog running loose from the chain in the yard, Irwin testified that her dog would sneak out of the house in the mornings and that she would have to chase him down.
Ray Day, the owner of the trailer park, testified that he did not know Irwin had a dog. Day also testified that if he were to find out that a dog had injured or attacked someone, he would ask the owner to get rid of the dog. Day testified he had once evicted a tenant because of the tenant's dog breaking loose and scaring people.
Appellants argue that there is a genuine question of material fact as to whether appellees knew about the existence of the dog and that, as a result, the trial court erred in granting appellees' motion for summary judgment. We disagree for the following reasons.
The determination as to whether a landlord is a harborer does not depend upon whether the landlord knew about the existence of a the dog but depends on whether the landlord permitted or acquiesced in the tenant's dog being kept in common areas or in an area shared by both the landlord and the tenant. In the case at bar, while there is evidence that at times the dog was running loose up and down the street, there is absolutely no evidence that appellees permitted or acquiesced in the dog running loose. "`Acquiescence' is essential to `harborship' and requires some intent." Godsey v. Franz, Williams App. No. 91WM000008, unreported. With only one element present, possession and control by appellees over common areas, appellee cannot be considered to have been harborers of the dog.
We therefore find that the evidence presented in connection with the motion for summary judgment does not create a genuine issue of material fact as to whether appellees harbored the dog in question. Because appellees' involvement with the dog is not sufficient enough to find them to be harborers of the dog, appellees may not be held liable either under R.C. 955.28(B) or at common law.
However, appellants also argue that a genuine issue of material fact exists as to whether appellees were negligent under R.C.3733.10(A)(3) "in failing to remove a dog which was known for dangerous propensities." We disagree.
R.C. 3733.10(A)(3) states that "[a] park operator who is a party to a rental agreement shall * * * [k]eep all common areas of the premises in a safe and sanitary condition[.]" Appellants argue that because appellees failed to remove Irwin's dog which was allegedly known for dangerous propensities, appellees should be liable for the actions of the dog under R.C. 3733.10(A)(3). We rejected this same argument in Bundy v. Sky Meadows Trailer Park, Butler App. No. CA89-01-002, unreported, as follows:
 Admittedly, a violation of a specific duty outlined by statute is negligence per se. However, the duty in R.C. 3733.10(A)(3) does not suggest that a park operator can be held liable for the actions of a tenant's dog. To do so would abrogate the common law in contradiction of the statute's purpose and objective. Further, the state legislature has not created a new and novel duty on park operators to police the animals or pets of another, since the park operator does not have inherent control or supervision over such animals. Therefore, the Bundys' contention that R.C. 3733.10(A)(3) imposes liability on a park operator for failing to enforce its own park rules concerning roaming animals, is not well-taken and is hereby dismissed by this court.
In light of the foregoing holding, we therefore reject appellants' contention that R.C. 3733.10(A)(3) imposed liability on appellees for failing to remove Irwin's dog from the trailer park.
Pursuant to the foregoing reasons, we find that the trial court properly granted summary judgment in favor of appellees. Appellants' sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.