GARRARD ET AL., APPELLANTS, *v.* McCOMAS ET AL., APPELLEES.

(No. 82AP-302—Decided September 16, 1982.)

Messrs. Teaford, Rich & Dorsey, Mr. Jeffrey A. Rich and Mr. David M. Neubauer, for appellants.

Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. William H. Jones and Mr. John P. Kennedy, for appellee Raymond McComas.

Messrs. Lane, Alton & Horst, Mr. James K. Reuss and Mr. Thomas A.

*Dillon,* for appellee Countryside Mobile Home Park and Paul M. Spanner.

MCCORMAC, J. This is an appeal from a summary judgment rendered against plaintiffs-appellants, Barbara and Donald Garrard, in favor of defendants-appellees, Raymond McComas and Paul M. Spanner, d.b.a. Countryside Mobile Home Park.

On October 8, 1979, Barbara Garrard went to Countryside Mobile Home Park to visit her brother-in-law. While attempting to locate her brother-in-law's trailer, she approached the trailer of defendant, Raymond McComas, located on land leased from defendant, Paul Spanner, believing the trailer to belong to her brother-in-law.

As she approached the trailer, two dogs owned by McComas allegedly chased and attacked her. As she turned to run, she slipped, fell and broke her left wrist. Both dogs were chained on the land leased by McComas.

Plaintiffs commenced this action against defendants McComas and Spanner, alleging that the negligence of each caused the attack and that they were also strictly liable by statute pursuant to R.C. 955.28.

The trial court granted summary judgment in favor of both defendants. The court held that Spanner was not liable, since he was not the owner or keeper of the dogs. The court held McComas was not liable under a negligence theory, since there was no evidence that he had any knowledge of any vicious propensity on the part of either dog and that he had exercised reasonable care by having chained both dogs. The court also held that plaintiff was a trespasser, thereby precluding her or her husband from recovering from either defendant in strict liability under R.C. 955.28.

On appeal, plaintiffs allege six assignments of error as follows:

"I. The Court erred in granting its motion for summary judgment as to each of these appellees, thus dismissing appellants' case.

"II. The Court erred in overruling appellants' motion for summary judgment on the issue of liability as to appellee McComas.

"III. The Court erred in presuming that as a matter of law appellant was a trespasser.

"IV. The Court erred in determining that a trespasser as a matter of law may not recover from the owner of a dog for injuries caused by that dog.

"V. The judgment was against the manifest weight of the evidence.

"VI. The judgment was contrary to law."

Plaintiffs conceded at oral argument that summary judgment was properly granted so far as common-law liability of defendants for negligence was concerned. There was no genuine issue of fact but that defendants had no previous knowledge of any vicious propensity of the dogs and that defendants were not negligent in the manner in which the dogs were kept.

The sole issue is whether there was a genuine issue of fact as to the material issues of statutory liability under R.C. 955.28 on the part of one or both defendants.

R.C. 955.28 reads, as pertinent, as follows:

"A dog that chases, worries, injures, or kills a person, * * * can be killed at any time or place. * * * The owner or keeper shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property."

R.C. 955.28 imposes strict liability on the owner or keeper of a dog that causes injury unless the injured person was trespassing on the property of the owner or teasing the dog. The status of Barbara

Garrard is thus the key issue as there is no evidence that she teased the dogs. Unless she was trespassing on the owner's property, she can recover for injuries proximately caused by virtue of the strict liability of R.C. 955.28.

2 Restatement of Torts 2d 171, Section 329, defines "trespasser" as follows:

"A trespasser is a person who enters or remains upon land in the possession of another *without a privilege* to do so created by the possessor's *consent or otherwise.*" (Emphasis added.)

*Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, at 311-312 [46 O.O. 177], defines "licensee" as follows:

"2 Restatement of the Law of Torts, Chapter 13, is devoted to a discussion of liability for condition and use of land. In Section 329 thereof the term, 'trespasser,' is defined. In Section 330 appears the following definition of 'licensee':

" 'A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission.'

"In Section 331, 'gratuitous licensee' is defined as follows:

" 'A gratuitous licensee is any licensee other than a business visitor as defined in Section 332.' As comment concerning this definition the following then appears:

" 'a. The phrase "gratuitous licensee" includes three types of persons.

" '1. A licensee whose presence upon the land is solely for the licensee's own purposes, in which the possessor has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general or local custom.' * * *"

Since the time of *Scheibel,* an updated version of the Restatement of Torts 2d has been published. Although there have been certain structural changes in the Restatement of Torts, the basic concepts pertinent to this case remain the same.

See 2 Restatement of Torts 2d 172, Section 330.

The key distinction, therefore, between a trespasser and licensee is that the former is on another's land without consent, whereas the latter is on another's land with consent, express or implied. The resolution of the consent issue will determine whether Barbara Garrard was a trespasser or licensee.

Comment *h* of Section 330 provides, in relevant part, as follows:

"*h. Persons included.* Included under licensees, among others, are three types of persons:

"1. One whose presence upon the land is solely for his own purposes, in which the possessor has no interest, and to whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom." *Id.* at 175.

The last paragraph of Comment *e* to Section 330, states in relevant part, as follows:

"In determining this account must be taken of customs prevailing in the community. 'The well-established usages of a civilized and Christian community' entitle everyone to assume that a possessor of land is willing to permit him to enter for certain purposes until a particular possessor expresses unwillingness to admit him. Thus a traveler who is overtaken by a violent storm or who has lost his way, is entitled to assume that there is no objection to his going to a neighboring house for shelter or direction. So too, if there is a local custom for possessors of land to permit others to enter it for particular purposes, residents in that locality and others knowing of the custom are justified in regarding a particular possessor as conversant with it and, therefore, in construing his neglect to express his desire not to receive them as a sufficient manifestation of a willingness to admit them. * * *." *Id.* at 174.

In this case, the record indicates that

Barbara Garrard thought that McComas' trailer belonged to her brother-in-law. There is no difference in legal effect for this type of mistaken fact from the situation where someone has lost her way and goes to a neighboring house for directions. There was thus evidence of implied consent by custom for Barbara Garrard to approach the McComas' trailer. There was no evidence of warning signs to the contrary. Certainly there was at least a genuine issue of fact as to whether she was a trespasser or a licensee. It is probably a matter of judicial notice in this community that a person has implied consent, absent an express warning contrary, to approach a residence to ask for directions or to find out if she is at her friend's home. The alternative of remaining at the curb honking or hollering is not attractive.

Plaintiffs' assignments of error are sustained so far as summary judgment in favor of McComas is concerned.

The trial court properly granted summary judgment for Spanner since he was not the owner of keeper of the dogs. R.C. 955.28 imposes liability only against the owner or keeper of the dogs. The fact that Spanner, as owner of the trailer park and lessor of the McComas' lot, established rules for the maintenance of pets on his property by his tenants did not make him the owner or keeper of McComas' dogs. The "owner" is the person to whom the dogs belong and the "keeper" is the one having physical charge or care of the dogs.

Plaintiffs' assignments of error are overruled as applicable to Spanner.

Plaintiffs' assignments of error are sustained as to McComas so far as his statutory liability pursuant to R.C. 955.28 is concerned, and overruled as to any liability against Spanner. The judgment of the trial court in favor of McComas is reversed and the judgment of the trial court in favor of Spanner is affirmed.

*Judgment affirmed in part and reversed in part.*

REILLY and MARKUS, JJ., concur.

MARKUS, J., of the Eighth Appellate District, sitting by assignment in the Tenth Appellate District.