KHAMIS, Appellant,

v.

EVERSON et al., Appellees.

[Cite as *Khamis v. Everson* (1993), 88 Ohio App.3d 220.]

Court of Appeals of Ohio,
Montgomery County.

No. 13817.

Decided June 10, 1993.

*Dyer, Garafalo, Mann & Schultz* and *Ronald E. Schultz,* for appellant.

*Rieser & Marx* and *Dianne F. Marx,* for appellee Brad Everson.

*Gloria McGlothin, pro se.*

FREDERICK N. YOUNG, Judge.

Maan Khamis (appellant) appeals from a judgment of the Montgomery County Court of Common Pleas which granted a motion for a directed verdict in favor of Brad Everson (appellee), the owner of a dog which allegedly bit appellant.

On or about April 26, 1991, appellee had brought his dog, a male shar-pei, to the Harrison Kennels, to be cared for until May 5, 1991. Appellee told the personnel at the kennel that his dog might bite. The personnel made a note of this.

On April 29, 1991, appellant was working at the kennel voluntarily for his friend Gloria McGlothin, the owner of Harrison Kennels. Appellant's tasks involved changing the hay and water in each dog's cage, leaving food for the dogs, and ensuring that each dog returned to his cage. McGlothin instructed appellant on how to perform this task.

After appellant had changed the water and hay and left food in appellee's dog's cage, appellant motioned for appellee's dog to return. It was then that appellee's dog allegedly bit appellant on his right hand.

Appellant was taken to the hospital by a co-worker to have the wound treated. The wound became infected and appellant was required to undergo surgery on his middle finger. Appellant incurred a total of $5,895.96 in medical bills as a result of the incident.

Appellant sued appellee under R.C. 955.28(B), which holds the "owner, keeper, or harborer of a dog" strictly liable for any injury that is proximately caused by the dog, with certain exceptions. Appellant chose not to bring a common-law

negligence claim. In response, appellee impleaded Gloria McGlothin as a third-party defendant.[1]

After appellant's motion for summary judgment was overruled by the trial court on March 17, 1992, the case was submitted to arbitration. The arbitration panel found for appellee and appellant appealed this decision to the court of common pleas. A trial date was set for November 16, 1992.

After the appellant had presented his case-in-chief, appellee moved for a directed verdict pursuant to Civ.R. 50(A). Appellee argued that because appellant was a "keeper" within the meaning of R.C. 955.28(B), appellant was not entitled to bring an action pursuant to that strict liability statute.

On November 24, 1992, the trial court sustained appellee's motion for a directed verdict and entered a judgment in favor of appellee and against appellant. Costs were assessed to appellant.

Appellant filed a timely notice of appeal to the trial court's November 24, 1992 judgment entry. On appeal, appellant does not challenge the trial court's finding that appellant was a "keeper" within the meaning of R.C. 955.28. The only question that appellant presents for us on this appeal is set forth in his one assignment of error:

"The trial court erred in granting defendant-appellee's motion for directed verdict in that Ohio Revised Code Section 955.28 does not preclude a 'harborer or keeper' of a dog from recovering damages from the owner of a dog for injuries sustained by the harborer or keeper."

R.C. 955.28(B) states as follows:

"The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."

In *Kleybolte v. Buffon* (1913), 89 Ohio St. 61, 66, 105 N.E. 192, 193, the Supreme Court, in interpreting a predecessor statute to R.C. 955.28,[2] stated:

---

1. Testimony at the subsequent trial revealed that appellant had "threatened to sue" Gloria McGlothin (owner of Harrison Kennels) over the incident. Eighteen days after the dog-bite incident, appellant became part owner of the real estate on which Harrison Kennels was located. Appellant insisted this had nothing to do with the dog bite.

2. The predecessor statute read in pertinent part, "the owner, owners or harborers of any animal of the dog kind that chases, worries, injures, or kills any sheep, lamb, goat, kid, animal

"The statute * * * is in derogation of the common law, in that it dispenses with *scienter.* The court cannot read into it anything that does not come within the clear meaning of the language used, and the statute should not be given force beyond its plain terms."

In *Pulley v. Malek* (1986), 25 Ohio St.3d 95, 25 OBR 145, 495 N.E.2d 402, the Supreme Court refused to "read into this statute [R.C. 955.28] the broad common-law defense of assumption of the risk." *Id.* at 96, 25 OBR at 147, 495 N.E.2d at 404. The court, quoting from its decision in *Hirschauer v. Davis* (1955), 163 Ohio St. 105, 56 O.O. 169, 126 N.E.2d 337, paragraph two of the syllabus stated that:

"Section 955.28, Revised Code, imposes an absolute liability on the owner or keeper of a dog for any damage or injury caused by that dog, *subject only to exceptions contained in the second* [now third] *sentence of such section* and the qualification that the actions of the dog were the proximate cause of the damage or injury." *Pulley, supra,* 25 Ohio St.3d at 97, 25 OBR at 147, 495 N.E.2d at 404.

The court went on to state that since the exceptions to absolute liability did not include assumption of the risk, then it could not be used to defend an action brought pursuant to R.C. 955.28. *Id.*

Looking at the holdings of *Kleybolte* and *Malek* together, we find that R.C. 955.28 is to be "strictly construed," *Malek, supra,* 25 Ohio St.3d at 97, 25 OBR at 147, 495 N.E.2d at 404, and that a court is not to read anything into the statute that "does not come within the clear meaning of the language used." *Kleybolte, supra,* 89 Ohio St. at 66, 105 N.E. at 193.

In the case at hand, appellant argues that his status as a "keeper" of the dog should not preclude him from suing the owner of the dog pursuant to R.C. 955.28. Appellant asserts that to bar him from recovery simply because of his status as a "keeper" of the dog that bit him would, in effect, create an additional exception to the rule of absolute liability under R.C. 955.28(B), in contravention of *Malek.*

Conversely, appellee contends that "harborers" or "keepers" of dogs are not within the class of people that the legislature intended to protect by the strict liability provisions of R.C. 955.28. In support of this position, appellee cites *Myers v. Lynn* (July 19, 1985), Lucas App. No. L–85–009, unreported, 1985 WL 7539. In *Myers,* at 4, the court, after setting forth the same part of *Kleybolte* that we have quoted above, stated as follows:

"[W]e believe that the clear meaning of R.C. 955.28 is that either an owner or a keeper of a dog, in this case a 'dogwatcher-for-hire,' shall be liable for injuries

---

or person, shall be jointly and severally liable to any person so damaged to the full amount of the injury done." *Kleybolte,* 89 Ohio St. at 64–65, 105 N.E. at 193.

proximately caused by that dog, including injuries sustained by that owner or keeper. To adopt the interpretation of the statute urged upon us by appellant would be to give the statute force beyond its plain terms [in contravention of *Kleybolte* ] and would result in a strained and unreasonable interpretation of the statute. This court will not extend the scope of statutory protection beyond that clearly drafted by the legislature. Pursuant to a strict reading of the statute, appellant was responsible for her own injuries as a 'keeper' of the dog."

In response to this, appellant cites the case of *Bevin v. Griffiths* (1932), 44 Ohio App. 94, 95, 184 N.E. 401, 402. *Bevin* involved the following relevant facts:

"For her cause of action plaintiff set forth that the defendant owned and harbored a large police dog, and that plaintiff was in the employ of the defendant as a domestic, and that while so employed, and while in the kitchen and *in the presence of the defendant,* said dog 'threw himself against and injured the right knee and leg of plaintiff so as to unbalance her and throw her against the door jamb, thereby bruising and tearing the muscles and ligaments of said knee and leg.' " (Emphasis added.)

In a later part of the opinion, the court went on to discuss whether the domestic worker was a "person" within the protection of the predecessor statute of R.C. 955.28:

"We have not been cited to any case and have found none in which the question has been raised as to whether the fact that the injured party was a servant or employee of the owner of the dog deprived him of a right of action given by the statute, or whether such relationship in any way affected his right to damages under the statute.

"It is urged that, as the plaintiff was the person who, as the servant of the defendant, fed and cared for the dog, she was herself a harborer of the dog, and could not recover damages from a coharbor 'for an act for which they may be jointly liable.'

"We do not agree with that contention. Assuming that the facts might be such as to make the plaintiff jointly liable with defendant to a third person injured by the dog, such is not the case here, because there was no injury to a third person, and hence the question of joint liability is not presented; and, if it were, it would be a question for the jury and not for the court.

"There is no language in the statute that tends to indicate an intention that a servant shall not be considered 'a person' to whom a right of action is given by the statute."

Appellant contends that *Bevin* shows that someone who is adjudged to be a "keeper" or "harborer" of a dog that injures him can nevertheless seek recovery

against its owner under R.C. 955.28. We think that appellant's reliance on *Bevin* is misplaced.

First, the injury to the plaintiff in *Bevin* occurred in the presence of the dog owner. *Bevin, supra,* 44 Ohio App. at 95, 184 N.E. at 402. This suggests to us that *at the time the plaintiff was injured* she was not a "keeper" of the dog within the meaning of R.C. 955.28. Further, she could not have been a "harborer" under the statute.

In *Flint v. Holbrook* (1992), 80 Ohio App.3d 21, 608 N.E.2d 809, this court stated, "[a]n owner is the person to whom a dog belongs, while a keeper has physical control over the dog." *Id.* at 25, 608 N.E.2d at 812, citing *Garrard v. McComas* (1982), 5 Ohio App.3d 179, 182, 5 OBR 363, 366, 450 N.E.2d 730, 733 (" 'keeper' is the one having physical charge or care of the dogs"). Additionally, "a harborer is one who has *possession and control* of the premises where the dog lives, and silently acquiesces to the dog's presence." *Id.,* citing *Sengel v. Maddox* (C.P.1945), 31 O.O. 201, 16 Ohio Supp. 137.

In *Bevin,* the plaintiff "fed and cared for the dog" as one of her duties as a domestic. *Bevin, supra,* 44 Ohio App. at 98, 184 N.E. at 403. However, it appears from the facts that the plaintiff in *Bevin* was not a "keeper" of the dog *at the time the injury occurred.* As stated, the facts show that the plaintiff was injured when the dog ran into the plaintiff "in the presence of the defendant." *Id.* at 95, 184 N.E. at 402. In such a case, it can be fairly determined that when the owner is actually *present,* the "keeper's" duties have ended since the owner has resumed physical control over the dog. Furthermore, the plaintiff could not have been a "harborer" of the dog because she was not in *"possession and control* of the premises where the dog live[d]." (Emphasis added.) *Flint, supra,* 80 Ohio App.3d at 25, 608 N.E.2d at 812. Thus, we feel that the result reached in *Bevin* can be reconciled with the holding of *Myers.*

Even if *Bevin* and *Myers* cannot be reconciled, we still feel that *Myers* is the more appropriate decision. If we were to read the statute as appellant would have us read it, then absurd consequences could follow. For example, if two people owned, kept, or harbored a dog which bit one of them, then the person bitten could sue his co-owner, co-keeper, or co-harborer.

Also, consider the situation where an owner leaves his dog at a kennel with the intention of keeping it there for a lengthy period of time, and who comes to the kennel periodically to visit the dog. If the dog bites his owner on one of the visits, then the owner, under appellant's interpretation of the statute, would be permitted to sue the kennel as "keeper" or "harborer" for his injuries under the strict liability statute. We do not believe that the legislature intended for R.C.

955.28 to be construed in a manner that would lead to the foolish results we have outlined above.

We conclude that by enacting R.C. 955.28(B), the legislature intended to protect those *people who are not in a position to control the dog.* In contrast, we believe that the legislature did not intend to protect those persons (the owner, keeper or harborer of the dog) who have, by the terms of the statute, an absolute duty to control the animal.

Accordingly, we hold that a "keeper" is not within the class of people that the legislature intended to protect by enacting the strict liability provision contained in R.C. 955.28(B). In the present case, appellant, as a "keeper" of a dog as defined in R.C. 955.28(B), cannot avail himself of the protections afforded by that statute. With this holding, we are not creating an additional exception to the rule of absolute liability in contravention of *Malek.* Rather, we are merely ruling that the maintenance of a suit under R.C. 955.28(B) by the keeper of a dog against its owner "does not come within the clear meaning of the language used, and the statute should not be given force beyond its plain terms." *Kleybolte, supra,* 89 Ohio St. at 66, 105 N.E. at 193; see, also, *Myers, supra,* at 4.

Finally, we note that "keepers" or "harborers" of dogs that proximately cause injury to them still have a common-law cause of action against the dog's owner. See *Warner v. Wolfe* (1964), 176 Ohio St. 389, 392–393, 27 O.O.2d 356, 358, 199 N.E.2d 860, 862.

Therefore, we overrule appellant's sole assignment of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and BROGAN, J., concur.