JOHNSON, Appellant,

v.

ALLONAS et al., Appellees.

[Cite as *Johnson v. Allonas* (1996), 116 Ohio App.3d 447.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–96–19.

Decided Dec. 12, 1996.

*Elk & Elk Co., L.P.A.,* and *Todd O. Rosenberg,* for appellant.

*Brown, Bemiller, Murray & McIntyre* and *John T. Brown,* for appellee
William E. Allonas, Jr.

*Sauter & Hohenberger* and *Wayne P. Hohenberger*, for appellees Jerry and Allison Allonas.

---

Evans, Judge.

Viola Pargeon Johnson, appellant, appeals from a judgment of the Common Pleas Court of Crawford County that granted a motion for summary judgment in favor of William Allonas, Jr. and Jerry and Allison Allonas.

In 1993, Jerry Allonas and his wife, Allison, were in the process of building a home. While waiting for their house to be completed, Jerry, Allison, and their dog, Laddy, moved in with Jerry's father, William Allonas.

On September 28, 1993, Johnson came to visit William Allonas. Johnson and William Allonas had a year-long companionship relationship wherein Johnson would often stop by Allonas's residence to visit. During her visits, she became familiar with Laddy to the degree that Laddy would respond to her verbal commands. When Johnson let herself in William's residence on September 28, she noticed that Laddy was indicating he wanted to go outside. Johnson took it upon herself to put Laddy on a leash and walk him outside near the street to relieve himself. While standing near the edge of the driveway, an unrestrained neighborhood cocker spaniel approached Laddy and growled. Laddy stepped up to meet the dog, but on Johnson's command Laddy returned to her. Johnson became entangled in Laddy's leash, fell, and was injured.

On May 3, 1995, Johnson filed a complaint against William Allonas and Jerry and Allison Allonas [1] seeking recovery for her injuries under a negligence claim and under R.C. 955.28(B), which holds an owner, keeper, or harborer of a dog strictly liable for injuries proximately caused by the dog, with some exceptions. Both William Allonas and Jerry and Allison Allonas filed motions for summary judgment, which were opposed by Johnson. On August 19, 1996, the trial court granted summary judgment in favor of William Allonas and Jerry and Allison Allonas, and this appeal followed.

On appeal, appellant presents only one assignment of error:

"The trial court erred in granting Defendants–Appellees' motion for summary judgment since R.C. 955.28 applies to a 'keeper' of the dog and Viola Pargeon Johnson is a person the statute is intended to protect."

Pursuant to Civ.R. 56(C), a trial court can properly grant a motion for summary judgment when (1) no genuine issue as to any material fact remains to

---

1. Leo and Miriam Williams, the owners of the cocker spaniel, were also named as defendants in this case; however these parties are not relevant to the present appeal.

be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

The only issue for determination in this case is whether or not a keeper is protected under R.C. 955.28 and can collect damages from an owner or harborer for injuries caused by the dog they owned or harbored. R.C. 955.28(B) states:

"The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."

There is no dispute among the parties in this case that appellant was a keeper of Laddy, since she was the person in physical charge or care of the dog at the time of the accident. *Garrard v. McComas* (1982), 5 Ohio App.3d 179, 182, 5 OBR 363, 366, 450 N.E.2d 730, 733. However, appellant claims that a strict reading of R.C. 955.28(B) does not bar a keeper from recovering damages proximately caused by a dog under her care since the statute only mentions three specific categories of persons who are barred from recovery—trespassers, assailants, and dog abusers.

In discussing the predecessor statute to R.C. 955.28, the Supreme Court of Ohio in *Kleybolte v. Buffon* (1913), 89 Ohio St. 61, 66, 105 N.E. 192, 193–194, recognized that the statute did away with the common-law requirement of scienter in dog cases and that nothing more should be read into the statutory version than is already evident in the clear meaning of the language used. The Supreme Court stated, "[T]he statute should not be given force beyond its plain terms." *Id.*

While we agree that the statute must be read strictly, we find that appellant's argument misapprehends the plain meaning of the statute. The cases of *Khamis v. Everson* (1993), 88 Ohio App.3d 220, 623 N.E.2d 683, and *Myers v. Lynn* (July 19, 1985), Lucas App. No. L–85–009, unreported, 1985 WL 7539, are dispositive of the issue presented in the instant case. In the *Khamis* case, Maan Khamis was bitten by a dog temporarily housed at a kennel where he worked. Khamis attempted to sue the dog's owners under R.C. 955.28(B) for injuries and damages he sustained. As in this case, it was undisputed that Khamis was a keeper of the dog at the time of the accident. Employing a strict interpretation of the statute,

the court in *Khamis* determined that a keeper was not protected under R.C. 955.28(B):

"We conclude that by enacting R.C. 955.28(B), the legislature intended to protect those *people who are not in a position to control the dog.* In contrast, we believe that the legislature did not intend to protect those persons (the owner, keeper or harborer of the dog) who have, by the terms of the statute, an absolute duty to control the animal.

"Accordingly, we hold that a 'keeper' is not within the class of people that the legislature intended to protect by enacting the strict liability provision contained in R.C. 955.28(B). In the present case, appellant, as a 'keeper' of a dog as defined in R.C. 955.28(B), cannot avail himself of the protections afforded by that statute. With this holding, we are not creating an additional exception to the rule of absolute liability in contravention of [*Pulley v.*] *Malek [*(1986), 25 Ohio St.3d 95, 25 OBR 145, 495 N.E.2d 402]. Rather, we are merely ruling that the maintenance of a suit under R.C. 955.28(B) by the keeper of a dog against its owner 'does not come within the clear meaning of the language used, and the statute should not be given force beyond its plain terms.'" (Emphasis *sic.*) *Khamis,* 88 Ohio App.3d at 227, 623 N.E.2d at 687 citing *Kleybolte,* 89 Ohio St. at 66, 105 N.E. at 193.

Likewise, in *Myers v. Lynn,* Anna Myers was a hired dogsitter who attempted to sue the dog's owners after she was bitten while caring for the dog. Myers, again an undisputed keeper of the dog, raised the same argument raised by appellant in the present case. The court in *Myers* held:

"[T]he clear meaning of R.C. 955.28 is that either an owner or a keeper of a dog, in this case a 'dogwatcher-for-hire,' shall be liable for injuries proximately caused by that dog, including injuries sustained by that owner or keeper. To adopt the interpretation of the statute urged upon us by appellant would be to give the statute force beyond its plain terms, and would result in a strained and unreasonable interpretation of the statute. This court will not extend the scope of statutory protection beyond that clearly drafted by the legislature. Pursuant to a strict reading of the statute, appellant was responsible for her own injuries as a 'keeper' of the dog." *Myers, supra,* Lucas App. No. L-85-009, at 4.

To allow appellant to sue other owners or harborers as appellant contends is allowable under the plain meaning of the statute would result in absurd consequences as illustrated by the *Khamis* court in the following hypothetical example:

"[C]onsider the situation where an owner leaves his dog at a kennel with the intention of keeping it there for a lengthy period of time, and who comes to the kennel periodically to visit the dog. If the dog bites his owner on one of the visits, then the owner, under appellant's interpretation of the statute, would be

permitted to sue the kennel as 'keeper' or 'harborer' for his injuries under the strict liability statute. We do not believe that the legislature intended for R.C. 955.28 to be construed, in a manner that would lead to [these] foolish results * * *." *Khamis,* 88 Ohio App.3d at 226–227, 623 N.E.2d at 687.

We are in accord with the analysis employed by the *Khamis* and *Myers* courts. As a keeper, appellant was the person charged with responsibility of controlling the dog under her care. R.C. 955.28(B) places liability for the injuries caused by the dog on appellant, including those injuries she sustains. We find that the trial court correctly decided that reasonable minds could only conclude that no genuine issue of material fact existed for trial and that William Allonas and Jerry and Allison Allonas were entitled to judgment as a matter of law. For the foregoing reasons, we overrule appellant's assignment of error.

Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and SHAW, JJ., concur.