Donohue, J.
INTRODUCTION
On June 1, 1998, a jury awarded the Plaintiff, John Youngblood, $12,500.00 for injuries sustained when he was bitten by a dog owned by the Defendant, Lisa Harrington. Pursuant to special questions propounded to the jury, the jury found that Youngblood was also an owner of the dog (Question 3) and that Youngblood was also a keeper of the dog (Question 4). Youngblood now moves this Court to enter judgment on his behalf, and permit the recovery of the damages awarded by the jury. Harrington opposes that motion, and filed a cross motion for judgment notwithstanding the verdict. For the following reasons, Youngblood’s motion is denied, and Harrington’s motion is allowed.
BACKGROUND
The evidence at trial demonstrated that when John Youngblood and Lisa Harrington lived together, they were given a dog as a gift. The dog in question was registered in Harrington’s name, and, as Youngblood’s career caused him to be away from the house often, Harrington mainly cared for the dog. There was evidence that Youngblood also cared for the dog. At some point, Youngblood was bitten by the dog. Youngblood filed suit against Harrington pursuant to G.L.c. 140, §155, seeking damages from Harrington as the owner.
G.L.c. 140, §155 provides that the owner or keeper of a dog is strictly liable for injuries or damages to any person, if such injuries or damages were caused by the dog. At the close of the evidence, Harrington presented a Motion for a Directed Verdict, arguing that Youngblood was a co-owner and therefore was precluded from recovery. That motion was denied. A jury returned a verdict for Youngblood. In response to special questions, the jury found that Harrington was an owner and a keeper of the dog, and that Youngblood also was both an owner and a keeper.
Youngblood argues that the statute provides that any person can recover from an owner or keeper, even a co-owner or co-keeper who is injured by a dog. Youngblood posits that the statute does not apply exclusively to non-owner or keeper third parties who are injured by the dog. Through a motion for judgment, Youngblood seeks entry of judgment to entitle him to recover the $12,500.00 awarded by the jury. Harrington seeks judgment notwithstanding the verdict insofar as the jury’s award of damages, arguing that while there is no case law on point in Massachusetts, there is case law in other jurisdictions which directly address the issue. In those states, as discussed below, the courts have held that the dog-bite statutes are provided for the benefit of third parties without control over the dog, and that such statutes preclude recovery by co-owners and co-keepers.
DISCUSSION
In Massachusetts, the Supreme Judicial Court has not had occasion to determine whether an owner or keeper may recover from a co-owner or co-keeper under the dog bite statute set forth at G.L.c. 140, §155. In 1972, the Court refused to address the issue, the jury having found that the injured plaintiff was not a “keeper” under the statute. See Siira v. Shields, 360 Mass. 874, 874-75 (1972). The issue of whether an owner or keeper can recover from a co-owner or co-keeper is the focal point of the motion for judgment and the motion for judgment notwithstanding the verdict. Thus, this Court must interpret the statute without the assistance of precedent.
*55 Without guidance from the Commonwealth’s courts, direction is sought from other states’ opinions. In Connecticut, the appellate court interpreted similarly worded statute to exclude recovery by owners or keepers. “Although the statute allows the recovery by ‘any person,’ it does so only against a dog’s owner or keeper.” Murphy v. Buonato, 42 Conn.App. 239, 247 (1996), affirmed by 241 Conn. 319 (1997). Relying upon principles of statutory construction, the court held that the “legislative purpose of [the] dog bite statute . . . was ... to create ‘strict liability in the owner or keeper to third parties for injuries caused by a dog.’ [Maccarone v. Hawley, 7 Conn.App. 19, 24-25 (1986)] . . . [W]e conclude that the statute was intended by the legislature ‘to protect only those people who are not in a position to control the dog.’ Khamis v. Everson, 88 Ohio App.3d 220, 221 (1993).” Murphy, 42 Conn.App. at 249. In reaching this decision, the court concluded that owners and keepers are not within the protected class under the statute, and may not recover from co-owners or keepers in the event that they are injured by the dog. See id. at 250-51. However, in a dissenting opinion, Justice Edward O’Connell found “no authority for precluding [the plaintiff from recoveiy under the statute]. The express language of the statute provides that a dog’s owner shall be liable for any damage done by his dog. The statute does not exempt keepers from recoveiy from an owner for injuries caused by his dog.” Id. at 252.
In reaching its decision, the Connecticut appeals court relied upon a similar case from Ohio. In Khamis v. Everson, 88 Ohio App.3d 220 (1993), the Ohio Court held that keepers of dogs are not protected by the dog bite statute, because the “legislature intended to protect those people who are not in a position to control the dog . . . [W]e believe that the legislature did not intend to protect those persons (the owner, keeper or harborer of the dog) who have, by the terms of the statute, an absolute duty to control the animal.” Id. at 227. The court noted that common law causes of action remain available to keepers or harborers injured by the dog. See id. Khamis was reaffirmed by Johnson v. Allonas, 116 Ohio App.3d 447 (1996).
Wisconsin courts have reached the same conclusion. In Armstrong v. Milwaukee Mut Ins. Co., 202 Wis.2d 258 (1996), the court held that keepers and harborers are equal to legal owners for purpose of applicability of statute, and that only those who are not in a position to control a dog, namely, third persons, are entitled to recover under the statute. See id. at 268-69. See also Tschida v. Berdusco, 462 N.W.2d 410, 411-13 (Minn. Ct. App. 1990), and Wilcoxen v. Paige, 174 Ill. App. 3d 541 (1988). These cases rely upon the same legal principles in concluding that injured owners and keepers may not recover from co-owners or co-keepers of dogs.
The above delineated cases provide a sufficient background for this Court to conclude that Harrington is entitled to the entry of judgment in her favor, notwithstanding the jury’s verdict. The jury’s response to special questions crystallizes Youngblood’s status as an owner and a keeper of the dog that bit him. It would be incongruent to permit Youngblood to recover under G.L.c. 140, §155, in light of the persuasive trend denying recovery to those who are in a position to control the dog.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiff, John Youngblood’s Motion For Judgment is DENIED.
It is hereby further ORDERED that the Defendant, Lisa Harrington’s Motion for Judgment Notwithstanding the Verdict is ALLOWED.