OPINION
Appellants, Donald L. Stratton, Sr. and Donald L. Stratton, Jr., appeal from a decision of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Rina S. Manda and Michael Manda. For the reasons that follow, we reverse in part the judgment of the trial court and remand for further proceedings.
The following facts are relevant to a determination of this appeal. On October 12, 1996, appellant, Donald L. Stratton, Sr., and his wife took their dog, a six-year old shar-pei to the Girard After-Hours Animal Emergency Clinic for treatment due to an ailment.[1] Appellee, Rina S. Manda, is employed by the clinic as a veterinary assistant. Appellant carried his dog into an examination room and set the animal down on an examination table. In his deposition, appellant claimed that he muzzled the dog at that time with a muzzle he had brought from home. Rina Manda checked the dog's temperature, heart rate, respiratory rate, and gum color. Following this initial examination, it was decided by Dr. James Milligan, the treating veterinarian, that x-rays should be taken of the dog's abdomen. The dog was taken into an x-ray room while the Strattons were instructed to wait in the waiting room.
Once inside the x-ray room with the door closed, Rina Manda claimed in her deposition that the dog was muzzled by Dr. Milligan for the first time. Within five minutes of entering the x-ray room, the dog managed to break free of her muzzle, jump off the x-ray table and corner Rina Manda. Before Dr. Milligan was able to subdue the animal, the dog bit Rina Manda on the arm. The dog was restrained by Dr. Milligan and returned to the Strattons in the waiting room. The bite required Rina Manda to be hospitalized and caused permanent damage to appellee's tendons as well as scarring.
As a result of this incident, Rina Manda and her husband, Michael Manda, filed a complaint in the trial court against appellants. Rina Manda's claim was for personal injuries pursuant to Ohio's strict liability dog bite statute, R.C. 955.28, and pursuant to common law negligence. Michael Manda's claim was for loss of consortium. Appellants filed an answer and counterclaim in which they alleged that Rina Manda was solely responsible for her own injuries.
On September 22, 1997, appellees filed a motion for summary judgment. On October 2, 1997, appellants filed a response to appellees' motion in addition to their own motion for summary judgment. Appellees filed a supplemental brief and a response to appellants' motion on October 14, 1997. On December 16, 1997, the trial court granted appellees' motion for summary judgment as to the issue of strict liability and denied appellants' motion for summary judgment. Additionally, the trial court stated that the matter would proceed to court as to the issues necessary to resolve the case pursuant to R.C. 955.28. The court concluded that there was no just cause for delay.
Appellants timely filed a notice of appeal with the following assignments of error:
 "1. The trial court erred to the prejudice of Defendants-Appellants in denying their motion for summary judgment, with respect to the Plaintiffs-Appellees' claims sounding in strict liability under R.C. 955.28.
 "2. The trial court erred to the prejudice of Appellants in granting Appellees' motion for summary judgment as to their claims in strict liability.
 "3. The trial court erred in not granting the Appellants' motion for summary judgment as to the Appellees' claims sounding in common law negligence."
In the first assignment of error, appellants contend that the trial court erred in denying their motion for summary judgment with respect to the appellees' claims sounding in strict liability. In the second assignment of error, appellants assert that the trial court erred in granting appellees' motion for summary judgment as to their claims in strict liability. These assignments of error are interrelated as they represent opposite sides of the same coin and, hence, we will address them in a consolidated manner.
Appellants' first two assignments of error raise the question of whether either side was entitled to summary judgment on the claim of strict liability. For the reasons that follow, we believe that summary judgment in favor of either party was inappropriate on this claim.
Civ.R. 56(C) states, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence of stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
In construing Civ.R. 56(C), the Supreme Court of Ohio has held that the moving party has the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morrisv. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47.
In the case sub judice, the key question is whether strict liability is applicable. R.C. 955.28(B) provides as follows:
 "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."
The Supreme Court of Ohio has construed this statute as imposing strict liability on the owner, keeper, or harborer of a dog for injuries that the dog proximately causes to third parties, subject to certain exceptions. Hirschauer v. Davis (1955),163 Ohio St. 105, at paragraph two of the syllabus; Warner v. Wolfe
(1964), 176 Ohio St. 389, 392. In Khamis v. Everson (1993),88 Ohio App.3d 220, the Montgomery County Court of Appeals held that by enacting R.C. 955.28(B), the legislature did not intend to protect an owner, keeper, or harborer of a dog who, by the terms of the statute, have an absolute duty to control the animal. Id. at 227. Thus, an owner, keeper, or harborer of a dog cannot sue another owner, keeper, or harborer of the dog for injuries proximately caused by the dog. To permit such an action would lead to absurd consequences as outlined by the Khamis court in the follow example:
 "[C]onsider the situation where an owner leaves his dog at a kennel with the intention of keeping it there for a lengthy period of time, and who comes to the kennel periodically to visit the dog. If the dog bites his owner on one of the visits, then the owner * * * would be permitted to sue the kennel as `keeper' or `harborer' for his injuries under the strict liability statute. We do not believe that the legislature intended for R.C. 955.28 to be construed in a manner that would lead to the foolish results we have outlined above." Id. at 226-227.
In the present case, the trial court held that it was clear that the veterinarian was not the owner or harborer of the dog, and that the only question was whether the veterinarian could be considered a keeper of a dog. The court concluded that the veterinarian could not be considered a keeper of the dog, stating, in part:
 "The veterinarian had no right to do anything to the dog other than what was consented to by [appellant]. [Appellants] were in an adjoining room and at any point in time could have retaken control of the dog and left the premises. [Rina Manda's] veterinarian had no right to keep the dog over objection of the parties and the parties were in the immediate vicinity to retake possession."
In reaching its conclusion, the trial court cited a number of cases which attempted to define the term "keeper." In reviewing those cases and others, the one thing that is clear to this court is that there is no ironclad definition of the term "keeper." Physical control, care and custody of the animal are all terms that are frequently used in determining whether someone meets the requirements of a "keeper." Garrard v. McComas (1982), 5 Ohio App.3d 179,182; Flint v. Holbrook (1992), 80 Ohio App.3d 21, 25;Khamis v. Everson, supra, at 226; Johnson v. Allonas (1996),116 Ohio App.3d 447, 449. However, each case is distinguishable on its facts and each case must be considered on its own merits.
In the Johnson case, the plaintiff was a close companion of the dog owner's father who was temporarily harboring the dog. On one occasion, the plaintiff let herself into the harborer's home with the harborer's implied permission and noticed that the dog needed to go outside to relieve himself. The plaintiff put a leash on the dog and took him for a walk. When the dog became excited by the approach of another dog, he moved in such a way as to trip the plaintiff with his leash. The plaintiff fell and was injured.
The Third District Court of Appeals noted that there was no dispute between the parties that the plaintiff was, in fact, the keeper of the dog "since she was the person in physical charge or care of the dog at the time of the accident." Id. at 449. Accordingly, the plaintiff could not recover from either the owner or the harborer of the animal. It is clear that the focus should be on the status of the person bitten by the dog rather than the time frame in which the physical control was exercised.
We must also note that the trial court cited to a footnote in a decision from this court titled Loder v. Burger (1996), 113 Ohio App.3d 669. There, at footnote 3, this court stated that a keeper of a dog is one who possesses and controls the premises where the dog lives. We cited to Khamis v. Everson (1993), 88 Ohio App.3d 220
to support that proposition. For the record, that conclusion was in error as the Khamis court actually stated that the person who possesses and controls the premises where the dog lives is a harborer of the dog. The court stated that a keeper is one having physical charge or care of the dog. Id. at 226.
In short, whether or not the veterinarian and his assistant could be considered "keepers" of the dog in the case at bar is a question of fact for the trier of fact. However, the time period during which control is exercised over the dog is irrelevant. Thus, the trial court erred in granting summary judgment in favor of appellees as to their claims in strict liability. In addition, it would also have been error to grant summary judgment in favor of appellants on those issues. Thus, appellants' first assignment of error is without merit but their second assignment of error is sustained.
In the third assignment of error, appellants submit that the trial court erred in not granting their motion for summary judgment as to appellees' claims sounding in common law negligence.
It is well-established that a suit may be instituted either under the strict liability dog-bite statute or in a common law negligence action. Warner v. Wolfe, supra, at 392-393; Khamis v.Everson, supra, at 227. In the present case, the trial court did not actually consider the merits of the common law claims after it granted summary judgment on the strict liability claims. Thus, it would be premature for this court to address this issue before the trial court is given an opportunity to do so.
Accordingly, appellants' third assignment of error is without merit.
The judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
 ___________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.
[1] It was determined during depositions that Donald L. Stratton, Sr. was the owner of the dog in question.