### CROLEY

v.

### MOON ENTERPRISES, INC. et al.

2001-Ohio-4366.]

Court of Common Pleas of Ohio,
Lucas County.

No. CI0200002796.

Decided Sept. 19, 2001.

152

Schnorf & Ferguson, Brandon G. Schnorf, Jr., and Kevin M. Ferguson, for plaintiff.

Marshall & Melhorn, Amy M. Natyshak and Clare K. Smith, for defendant Moon Enterprises, Inc.

Stephen C. Roach, for defendants Jeri and Kenneth Moon.

───────────

CHARLES J. DONEGHY, Judge.

{¶ 1}  This dog bite case is before the court on two motions for summary judgment:  (1) the motion for summary judgment on the issue of statutory liability filed by the plaintiff, Celeste Croley, against defendant Moon Enterprises, Inc. ("MEI") and defendant Jeri Moon;  and (2) the motion for summary judgment filed by defendants Jeri Moon and her husband Kenneth Moon on Ms. Croley's common-law negligence claim against them.  Upon review of the pleadings, evidence, memoranda of the parties, and applicable law, the court finds that Ms. Croley's motion should be granted in part and denied in part, and the Moons' motion for summary judgment should be granted.

## FACTS

{¶ 2}  For the purpose of ruling on the instant motions only, the court finds the following to be established facts.

{¶ 3}  At all times relevant, defendant Ms. Moon was employed by defendant MEI as a full-time bookkeeper and office worker (J. Moon Depo. p. 4), and defendant Mr. Moon was the owner of MEI (Answer to Plaintiff's Interrogatory No. 4).  On the morning of June 2, 1998, Ms. and Mr. Moon brought their two dogs to work with them so that Mr. or Ms. Moon could take the dogs to a veterinarian appointment later that day.  (Croley Depo. pp. 34–35; Answer to Plaintiff's Interrogatory No. 4.)  That same morning, Ms. Croley, a dump-truck driver, was sent by her employer to MEI's premises in Monclova, Lucas County, Ohio, to pick up a load of sand in her dump truck.  (Croley Depo. pp. 24–25.)  She had been to MEI's facility on fifteen other occasions and had spoken to the Moons on those visits.  (Croley Depo. p. 25.)  Finding no one in the yard, Ms. Croley went to the office trailer that served as MEI's temporary offices.  (Croley Depo. p. 25.)  Ms. Croley climbed the trailer steps, gave a quick knock on the door, opened the door, and announced herself to Ms. Moon. (Croley Depo. p. 25.)  The Moons' two dogs, a five-year-old Great Dane named "Rebecca," and a six-year-old Poodle-mix, greeted Ms. Croley.  (Croley Depo. p. 26.)  Neither dog appeared threatening when Ms. Croley saw them.  (Croley Depo. p. 26.)  However, as Ms. Croley began to close the door, "Rebecca" bit Ms. Croley on the left elbow causing lacerations and nerve damage.  (Croley Depo. pp. 28–29, 54.)  "Rebecca" never had bitten anyone prior to biting Ms. Croley.  (Answer to Plaintiff's Interrogatory No. 2.)

{¶ 4}   Ms. Croley filed this action against the three defendants, asserting a statutory dog-bite claim pursuant to R.C. 955.28 and a common-law dog-bite claim.   She seeks summary judgment as to liability only on the statutory claim against MEI and Ms. Moon.   The Moons filed a memorandum in opposition and a motion for summary judgment on the common-law claim.   MEI filed an opposition brief separate from that of the Moons.

## SUMMARY JUDGMENT STANDARD

{¶ 5}   To succeed on a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.   See, also, *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.   "The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law."   Id. at 370, 696 N.E.2d 201, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

{¶ 6}   A party who claims to be entitled to summary judgment on the grounds that a nonmovant cannot prove its case bears the initial burden of (1) specifically identifying the basis of its motion, and (2) identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding an essential element of the nonmovant's case.   Id. at 293, 662 N.E.2d 264; see, also, id. at 299, 662 N.E.2d 264 (Pfeifer, J., concurring in judgment only).   The movant satisfies this burden by calling attention to some competent summary judgment evidence, of the type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmovant has no evidence to support his or her claims.   Id. at 293 and 299, 662 N.E.2d 264.   Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(E), indicating that a genuine issue of material fact exists for trial.   Id. at 293, 662 N.E.2d 264.   Accord *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429–430, 674 N.E.2d 1164; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798.

## DISCUSSION

{¶ 7}   In Ohio, a person who is injured or whose property is damaged by a dog can institute both statutory and common-law actions for damages.   *Flint v. Holbrook* (1992), 80 Ohio App.3d 21, 25, 608 N.E.2d 809, citing *Warner v. Wolfe*

(1964), 176 Ohio St. 389, 393, 27 O.O.2d 356, 199 N.E.2d 860, and syllabus. The statute, R.C. 955.28, imposes absolute liability upon the "owner, keeper, or harborer" of a dog "for any injury, death, or loss to person or property that is caused by the dog." See *Flint v. Holbrook*, 80 Ohio App.3d at 25, 608 N.E.2d 809. The exceptions to liability listed in the statute are not applicable here.[1] In order to recover damages under R.C. 955.28, a plaintiff must prove that the defendant is an owner, a keeper, or a harborer, the dog proximately caused the plaintiff's injuries, and the amount of damages. Id. Several persons simultaneously may be owners, keepers, or harborers of a dog and jointly liable for the injuries or damage caused by the dog. *Godsey v. Franz* (Mar. 13, 1992), Williams App. No. 91WM000008, 1992 WL 48532. "The 'owner' is the person to whom the dogs belong and the 'keeper' is the one having physical charge or care of the dogs." *Garrard v. McComas* (1982), 5 Ohio App.3d 179, 182, 5 OBR 363, 450 N.E.2d 730. "In determining whether a person is a 'harborer' of a dog, however, the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives." *Godsey v. Franz*, supra, at * 3. " 'Liability as a *harborer* * * * is established if the owner of the premises knowingly permits the dog to *live* and make its home on such defendant's premises.' " (Emphasis *added.*) Id. at * 3, citing *Sengel v. Maddox* (C.P.1945), 31 O.O. 201, 203, 1945 WL 2298. See, also, *Smith v. Galpal* (Nov. 17, 2000), Lucas App. No. L–00–1174, 2000 WL 1713835. It is well established that R.C. 955.28 is to be strictly construed. *Pulley v. Malek* (1986), 25 Ohio St.3d 95, 97, 25 OBR 145, 495 N.E.2d 402. Nothing is to be read into the statute that is not encompassed by the clear language used. *Khamis v. Everson* (1993), 88 Ohio App.3d 220, 224, 623 N.E.2d 683.

{¶ 8} Under the common-law theory, a plaintiff must show (1) that the defendant owned or harbored the offending dog; (2) that the dog was vicious; (3) that the defendant knew the dog was vicious; and (4) that the defendant was negligent in keeping the dog. *Smith v. Galpal*, supra, citing *Flint v. Holbrook*, 80 Ohio App.3d at 25–26, 608 N.E.2d 809. "One can negligently keep and harbor a vicious dog without owning either the dog or the premises where the dog is kept." Id. at 26, 608 N.E.2d 809.

---

1. {¶ a}  In relevant part the statute reads as follows:

{¶ b}  "(B) The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, *unless* the injury, death, or loss was caused to the person or property of an individual who, at the time, [1] was *committing or attempting to commit a trespass or other criminal offense on the property* of the owner, keeper, or harborer, or [2] was *committing or attempting to commit a criminal offense against any person*, or [3] was *teasing, tormenting, or abusing the dog* on the owner's, keeper's, or harborer's property." (Emphasis added.)

## STATUTORY DOG–BITE CLAIM

{¶ 9} Ms. Croley asserts that she is entitled to summary judgment as to the liability of MEI and Ms. Moon under Ms. Croley's statutory dog-bite claim because no factual question exists that (1) Ms. Croley was an invitee at the time of her injury because she came to the MEI premises on business (see Croley Depo. p. 25); (2) Ms. Moon owned "Rebecca" the dog (see the Moons' Answer to the Complaint para. 1; Answer to Plaintiff's Interrogatory No. 1); and (3) Ms. Moon was acting within the scope of her employment at the time Rebecca bit Ms. Croley (see Answer to Plaintiff's Interrogatory No. 5). As to Ms. Moon, the court finds that reasonable minds could only conclude that she was an owner of "Rebecca" at the time "Rebecca" bit Ms. Croley.[2] Thus, Ms. Moon is liable to Ms. Croley under the statutory claim as a matter of law. Accordingly, the court will grant Ms. Croley's motion as against Ms. Moon.

{¶ 10} As to MEI, Ms. Croley does not assert that it was an owner, keeper, or harborer of "Rebecca" on June 2, 1998.[3] Ms. Croley asserts that MEI is directly liable to Ms. Croley because she was an invitee at the time of the attack; Ms. Croley also contends that MEI is vicariously liable because Ms. Moon was acting in the scope of her employment for MEI at the time. As to the invitee issue, "It is only where it is shown that the *owner had superior knowledge of the particular danger which caused the injury that liability attaches*, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." (Emphasis added.) *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 210, 28 OBR 294, 503 N.E.2d 159. See, also, *Caldwell v. Greek Corp.* (Sept. 19, 1997), Lucas App. No. L–96–397, 1997 WL 586708 ("an owner's liability to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be

---

**2.** The court notes that reasonable minds also could conclude that Mr. Moon was an owner. (See J. Moon Depo. p. 10 ["Rebecca's" canine registration papers were registered in Mr. Moon's name]; Croley Depo. pp. 34–35 [Mr. Moon had the authority to seek veterinary treatment for and to euthanise "Rebecca"].)

**3.** Indeed, there is no evidence indicating that MEI was an *owner* or a *keeper* (it was not the one having physical charge or care of "Rebecca"). See *Flint v. Holbrook*, 80 Ohio App.3d at 25, 608 N.E.2d 809. Also, there is no evidence that MEI *harbored* "Rebecca" because she did not live on the premises. See *Root v. Thousand Adventures of Ohio, Inc.* (Apr. 2, 1997), Lorain App. No. 96CA006477, 1997 WL 164313; *Rucker v. Taylor* (July 12, 1993), Delaware App. No. 92CA–E–12–044, 1993 WL 289912 (no statutory liability as a "harborer" when the dog is on the premises only temporarily). Additionally, unless an employer derives benefit from an employee bringing a dog onto the work premises, the employer is not liable as a harborer for an injury inflicted by a dog brought onto the premises for the convenience of the employee. Annotation, Who "Harbors" or "Keeps" Dog Under Animal Liability Statute (1988), 64 A.L.R.4th 963, Section 23(a), 1988 WL 546563; *Frost v. Robave, Inc.* (1998), 296 Ill.App.3d 528, 230 Ill.Dec. 612, 694 N.E.2d 581, 587.

predicated upon a *superior knowledge* concerning the dangers of the premises to persons going thereon" [emphasis added] ). In this case, it is undisputed that "Rebecca" never had bitten anyone before biting Ms. Croley. Thus, MEI had no knowledge, much less "superior knowledge," that "Rebecca" was a danger. Accordingly, the court finds as a matter of law that liability does not attach to MEI on this basis.

{¶ 11} As to the vicarious-liability theory, an employee acts within the scope of her employment only when she acts for the employer and acts to further the employer's business. *Ludwig v. Niccum* (Oct. 22, 1999), Williams App. No. WM–99–004, 1999 WL 961446. "In circumstances where the individual is allegedly acting within the employment context, but is actually engaged in his [or her] own activities, that person is acting outside the employment relationship * * *." Id. at 10. Ms. Moon admitted that she was engaged in the scope of her business at the time "Rebecca" bit Ms. Croley. (Answer to Plaintiff's Interrogatory No. 5.) At that time, Ms. Moon was talking on the telephone for her employer. (Croley Depo. p. 25; J. Moon Depo. pp. 7–8.) However, there is also no dispute that "Rebecca's" presence on the MEI premises was outside the scope of Ms. Moon's employment because it was for the Moons' convenience and not for the benefit of MEI's business. Thus, while Ms. Moon was furthering MEI's business (on the telephone) when Ms. Croley was at the door of the trailer, the court finds that reasonable minds could only conclude that, as to "Rebecca's" presence and attack on Ms. Croley, Ms. Moon was operating outside the scope of her employment. Thus, MEI is not liable under the statute by virtue of vicarious liability. Additionally, even if MEI might fit within the common-law vicarious-liability test (because Ms. Moon was engaged in furthering MEI's business on the telephone even though "Rebecca's" presence did not further MEI's business interests), the court finds that MEI would not be liable under the statute. Ohio courts have held that the statute is to be strictly construed; nothing is to be read into the statute that is not encompassed by the clear language used. *Khamis v. Everson* (1993), 88 Ohio App.3d 220, 224, 623 N.E.2d 683. The court finds that the statute does not clearly express the possibility of vicarious liability; if a person is not an owner, a keeper, or a harborer, the person cannot be liable under the statute. See *Flint v. Holbrook*, 80 Ohio App.3d at 25, 608 N.E.2d 809. As the court observed above, MEI was not an owner, a keeper, or a harborer of "Rebecca" on June 2, 1998. Accordingly, this theory of liability is not well taken. Thus, Ms. Croley is not entitled to summary judgment against MEI.

## B. COMMON–LAW DOG–BITE CLAIM

{¶ 12} Mr. and Ms. Moon seek summary judgment on Ms. Croley's common-law dog-bite claim. As discussed above, if a defendant had no notice

that his or her dog had vicious propensities, then the defendant cannot be held liable under this theory for injury or damage inflicted by the dog. See *Smith v. Galpal*, supra, citing *Flint v. Holbrook*, 80 Ohio App.3d at 25–26, 608 N.E.2d 809. In this case, the court finds that reasonable minds could only conclude that the Moons had no notice that "Rebecca" could be vicious. Accordingly, the court finds that the Moons are entitled to judgment as a matter of law on Ms. Croley's common-law dog-bite claim.

## JUDGMENT ENTRY

{¶ 13} It is ORDERED that the plaintiff's motion for summary judgment on her statutory dog-bite claim is granted as to the liability of defendant Jeri Moon and denied as to the liability of defendant Moon Enterprises, Inc. It is further ORDERED that the motion for summary judgment filed by defendants Jeri Moon and Kenneth Moon as to Ms. Croley's common-law dog-bite claim is granted. It is further ORDERED that the plaintiff's common-law dog-bite claim is dismissed with prejudice as against the defendants Jeri Moon and Kenneth Moon.

Judgment accordingly.