OPINION
{¶ 1} Defendants-appellants Dan Hildebrand and Cindy Kifer (hereinafter collectively "defendants") appeal from the decision and judgment entry of the Franklin County Court of Common Pleas denying defendants' motion for summary judgment in their favor. Additionally, defendants appeal from the magistrate's decision recommending judgment in favor of plaintiff-appellee Esther E. Stempuzis (hereinafter "plaintiff") and against defendants. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} Plaintiff and defendants are next door neighbors. Defendants own an adult boxer dog named Precious. In early 2001, Precious gave birth to a litter of puppies. Defendants gave plaintiff one of the puppies, which she named Sable.
 {¶ 3} Defendants backyard was enclosed with a wire fence. Due to an opening in the fence caused by a tree stump, the puppies sometimes went into plaintiff's backyard. When the puppies were smaller, plaintiff was able to return them to defendants' backyard by placing them on the ground over the fence. However, when the puppies got bigger, either plaintiff or her boyfriend climbed over the fence and were handed the puppies by the other person. Moreover, Sable went into defendants' backyard. When this occurred, plaintiff climbed over the fence to retrieve her. Defendants never saw plaintiff climb over the fence to either return their puppies or to retrieve Sable.
 {¶ 4} On April 27, 2001, plaintiff was sitting on her patio in the backyard. Defendants were not home, but Ms. Kifer's 14-year old daughter Alysha was home. While plaintiff was on the patio, Alysha came outside with the dogs. At that time, Sable went over the fence into defendants' backyard. Plaintiff asked Alysha if it was okay for Sable to be in their backyard. Alysha stated it was fine and she would keep an eye on Sable.
 {¶ 5} Shortly thereafter, defendants' phone rang and Alysha went inside to answer the phone. While Alysha was in the house, plaintiff heard the puppies barking and yelping. She observed Sable and the runt of the litter being dragged around by their hind legs by the other puppies. Plaintiff also observed Precious running alongside the puppies.
 {¶ 6} While observing this behavior, plaintiff was calling for Alysha, who did not respond. As such, plaintiff climbed over the fence into defendants' backyard to save Sable and the runt. Plaintiff went to the puppies and began pulling the puppies apart. At the same time, Precious was engaged in the same behavior. Alysha returned to the backyard around this time.
 {¶ 7} When the puppies were separated, plaintiff picked up Sable to return to her backyard. At that time, Precious attacked plaintiff. Precious bit plaintiff on her right calf, left shin and right hand.
 {¶ 8} On August 1, 2001, plaintiff filed the instant complaint against defendants pursuant to R.C. 955.28(B), imposing strict liability for dog bites upon dog owners. Defendants filed a motion for summary judgment which was denied by the trial court.
 {¶ 9} On August 27, 2002, a jury-waived trial was held before a magistrate. On December 5, 2002, the magistrate filed her decision recommending judgment in favor of plaintiff and against defendants in the amount of $25,000. The parties did not file objections to the magistrate's decision. Accordingly, on January 8, 2003, the trial court adopted the magistrate's decision and entered a judgment against defendants in the amount of $25,000. Defendants timely file the instant appeal.
 {¶ 10} Defendants assert the following assignments of error:
1. The trial court erred by denying defendants' motion for summary judgment.
2. The magistrate's decision/verdict rendered herein is against the manifest weight of the evidence.
 {¶ 11} In their first assignment of error, defendants contend the trial court erred by denying their motion for summary judgment. Defendants argue the undisputed evidence in this action reveals plaintiff was a trespasser when Precious attacked her. As a result of her status as a trespasser, she is not entitled to recover for her injuries pursuant to R.C. 955.28(B).
 {¶ 12} In response, plaintiff argues defendants are unable to challenge the trial court's ruling on the motion for summary judgment pursuant to the holding of Continental Ins. Co. v. Whittington (1994),71 Ohio St.3d 150. Alternatively, if the trial court's decision is reviewable, plaintiff contends defendants failed to meet their burden of proof with respect to the issue of trespass as it is an affirmative defense of R.C. 955.28. The evidence presented supports a finding defendants gave implied permission to plaintiff to enter the defendants' backyard to retrieve Sable.
 {¶ 13} A trial court's denial of a motion for summary judgment is either moot or harmless error if a subsequent trial on the same issues asserted in the motion reveals genuine issues of material fact supporting judgment in favor of the non-moving party. Whittington, syllabus. In reaching its conclusion, the Whittington court analyzed as follows at 155-156:
Here, substantial justice was done at the trial court level following the trial on the merits. The evidence adduced at trial revealed the existence of genuine issues of material fact concerning the issues raised by Continental in its motion for summary judgment. While the record before the trial court at the time it denied the motion may not have reflected that situation, the facts as we now know them, as determined by the jury, show that Continental was clearly liable to provide coverage under the terms of the policy. Under these circumstances, it would seem incongruous to now say that the trial court committed reversible error in denying Continental's motion. Any error in the denial of the motion was rendered moot or harmless since a full and complete development of the facts at trial (as opposed to the limited factual evidence elicited upon discovery) showed that appellants were entitled to judgment. In this regard, substantial justice would clearly not be served by setting aside the jury's findings and the final judgment of the trial court.
 {¶ 14} In the instant action, the evidence adduced at trial demonstrates a genuine issue of material fact existed as to the issue of whether plaintiff was a trespasser at the time she was bitten by Precious. Therefore, any error which the trial court may have committed in denying defendants' motion for summary judgment is either moot or rendered harmless due to the full and complete development of the facts at trial which revealed plaintiff was entitled to judgment.
 {¶ 15} Alternatively, an examination of the evidence before the trial court at the time of defendants' motion for summary judgment reveals the trial court properly denied the motion.
 {¶ 16} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 17} Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 18} R.C. 955.28(B) states, in relevant part:
The owner * * * of a dog is liable in damages for any injury * * * to person * * * that is caused by the dog, unless the injury * * * was caused to the person * * * who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner * * *.
 {¶ 19} As such, R.C. 955.28(B) imposes strict liability upon the owner of a dog who causes injury. However, trespass is an affirmative defense and the dog owner bears the burden of proof. Padgett v. Sneed (July 19, 1995), Hamilton App. No. C-940145.[1]
 {¶ 20} Therefore, plaintiff's status is crucial in determining liability. A "trespasser" is defined as " `a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise.' " (Emphasis omitted.) Garrard v. McComas (1982), 5 Ohio App.3d 179, 181, quoting 2 Restatement of Torts 2d 171, Section 329. A "licensee" is defined as " `a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission.' " Id. A type of licensee is a "gratuitous licensee" which includes:
`A licensee whose presence upon the land is solely for the licensee's own purposes, in which the possessor has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general or local custom.' Id. at 181.
 {¶ 21} Thus, the turning point is consent. A trespasser is on another's property without consent, whereas a licensee has consent, either expressed or implied, to be on another's property.
 {¶ 22} In the instant action, plaintiff stated she entered defendants' backyard to either return defendants' puppies who came into her backyard or to retrieve her puppy, Sable. In explaining defendants' knowledge of her actions, plaintiff testified as follows:
Q. [Defense counsel]: Did you ever talk to Cindy or Dan about stepping over and having to trade the dogs back and forth?
A. [Plaintiff]: Not exactly word for word, you know, stepping over the fence, but, you know, they already knew * * *.
Q. Again, before the dog-bite incident, did Cindy or Dan ever tell you that you could step over the fence for any purpose when they weren't there?
A. It was implied, but they never came up and just said "Feel free to come in our yard when we are not home" or anything.
Q. How was it implied?
A. When the puppies were little, they were constantly back and forth, and they had told us, you know, before at times. They would come over to get the puppies and I said "That's fine, you can come in the gate" or whatever; and when I got my puppy * * * she would hop over all the time. * * *
Q. So you recall telling Dan and Cindy that they could come into your yard to get the puppies but you don't recall them ever specifically telling you that you could come into their yard to get your puppy. Is that correct?
A. I always took it as an understanding since the dogs were constantly back and forth.
Q. But there was never a specific conversation about that?
A. I couldn't specifically tell you a date or a time, no.
Q. Do you ever remember telling Cindy or Dan that you had to jump over the fence to get your dog back?
A. Yes. I had told them before that she was over there a couple of times and I had to go and get her.
Q. And when you say "go and get," you specifically told them that you had hopped over the fence?
A. I didn't tell them I hopped over the fence. I assume they would know since that's the only way to get into their yard unless you go through the garage.
(Deposition of plaintiff, at 15-17.)
 {¶ 23} Plaintiff's testimony, construed most strongly in her favor, supports a finding of implied permission by defendants to enter the backyard to either retrieve Sable or return errant puppies. Therefore, a genuine triable issue existed as to whether plaintiff was a trespasser or a gratuitous licensee and summary judgment was not proper. Accordingly, defendants' first assignment of error is overruled.
 {¶ 24} In their second assignment of error, defendants maintain the magistrate's decision is against the manifest weight of the evidence. As defendants failed to file objections to the magistrate's decision, they waived any arguments relating to the magistrate's decision on appeal. Specialty System of Ohio Constr., Inc. v. Mainland Industrial Coating, Inc., Montgomery App. No. 19680, 2003-Ohio-3977, at ¶ 10. Accordingly, defendants' second assignment of error is overruled.
 {¶ 25} As the trial court's denial of defendant's motion for summary judgment was proper and defendants failed to preserve their objections to the magistrate's decision, the assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.
[1] R.C. 955.28(B) also provides an exception to liability if the injured person was "teasing, tormenting, or abusing the dog on the owner's * * * property." In addition to arguing trespass, defendants argued in their motion for summary judgment that plaintiff was tormenting Precious prior to the attack. However, defendants do not argue this theory on appeal. As such, we will limit our analysis to the affirmative defense of trespass.