OPINION
{¶ 1} Plaintiff-appellant, David L. Johnson, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, Kent C. Gay and Aprile L. Gay. For the following reasons, we affirm that judgment.
 {¶ 2} On April 24, 2003, appellant, a licensed real estate agent, had an appointment to walk through a house at 5079 Locust Post Lane in Columbus, Ohio. Before the appointment, his clients called him to discuss their neighbor's fence which they thought might encroach on their property. To get a better view of the fence's location in relation to the property line, appellant walked across the street to a sidewalk bordering appellees' backyard at 5103 Wagon Wheel Lane. A four-foot high wooden picket fence stood between the sidewalk and appellees' backyard. Appellant leaned back against the fence and placed the palm of his right hand on top of one of the fence pickets. While his hand was on the fence, appellees' dog bit appellant's forearm, causing serious injury. Although appellant saw the dog in appellees' yard, it did not appear aggressive. Nor did he hear the dog bark or see the dog approach him.
 {¶ 3} Appellant filed a complaint against appellees to recover damages caused by the dog bite. Appellant set forth claims for common law negligence and violation of R.C. 955.28, which imposes strict liability on a dog owner for injuries caused by the owner's dog. Appellees moved for summary judgment, arguing that they were entitled to judgment as a matter of law because appellant was a trespasser at the time of the attack. In response, appellant claimed he was not a trespasser or there was at least a question of fact as to whether he was a trespasser when the attack occurred. In a decision dated April 15, 2005, the trial court granted appellees' motion, finding that appellant was a trespasser when appellees' dog bit him and that appellant failed to provide evidence to support his statutory and common law claims.[1]
 {¶ 4} Appellant appeals, assigning the following error:
THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT, FINDING THAT PLAINTIFF-APPELLANT WAS A "TRESP-ASSER" ONTO DEFENDANTS-APPELLEES' PROPERTY, THEREBY PRECLUDING PLAINTIFF-APPELLANT FROM RECOVERING DAMAGES CAUSED ON APRIL 24, 2003, WHEN DEFENDANTS-APPELLEES' DOG BIT PLAINTIFFA-PPELLANT.
 {¶ 5} Appellant appeals from the trial court's grant of summary judgment in appellees' favor. Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v.Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 6} Pursuant to R.C. 955.28(B):
The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property.
 {¶ 7} This statute imposes strict liability on the owner, keeper, or harborer of a dog for any injury to person or property, which is caused by the dog, subject to certain exceptions. Stuper v. Young, Summit App. No. 20900, 2002-Ohio-2327, at ¶ 10. It is undisputed that appellees own the dog that bit appellant. Appellees contend, however, that they are not liable to appellant because he was trespassing on their property when the dog bit him. Trespass is an affirmative defense to an action brought pursuant to R.C. 955.28. Stempuzis v. Hildebrand, Franklin App. No. 03AP-86, 2003-Ohio-6060, at ¶ 19, Padgett v. Sneed (July 19, 1995), Hamilton App. No. C-940145, at fn. 1. Appellant contends the trial court erroneously ruled that he was a trespasser. We disagree.
 {¶ 8} A trespasser is defined as a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. Stempuzis at ¶ 20. Appellant admitted that his hand was on appellees' fence when their dog bit him. Appellant claims, however, that because he did not reach over appellees' fence or actually step onto their property, he was not a trespasser. We disagree. Appellant can be a trespasser without actually stepping onto appellees' property. See Misseldine v. Corporate Investigative Services,Inc., Cuyahoga App. No. 81771, 2003-Ohio-2740, at ¶ 26. A trespass may be committed by invading the airspace of the property of another. Id., citing Hannabalson v. Sessions (1902), 116 Iowa 457. This principle is based upon the concept that an owner of land owns so much of the space above the ground as he can occupy or make use of. Chance v. BPChemicals, Inc. (1996), 77 Ohio St.3d 17, 25; see, also, Willoughby Hillsv. Corrigan (1972), 29 Ohio St.2d 39, 50. Appellee, Kent Gay, stated in his affidavit in support of appellees' motion for summary judgment that his fence was installed around the backyard of his property. Appellant did not dispute that the fence enclosed appellees' backyard or that the fence was located on appellees' property. Appellant admitted that his palm was on top of appellees' fence when appellees' dog bit him. Therefore, appellant's hand was on appellees' property. It was undisputed that appellant did not have appellees' consent to access their property. This is sufficient, as a matter of law, to constitute a trespass.Misseldine.
 {¶ 9} Because appellant technically was trespassing on appellees' property when appellees' dog bit him, appellees are not liable to appellant under R.C. 955.28(B). Accordingly, the trial court did not err when it granted appellees summary judgment on appellant's statutory claim for damages pursuant to R.C. 955.28(B).
 {¶ 10} Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN, P.J., and McGRATH, J., concur.
[1] Although the trial court granted summary judgment for appellees on appellant's statutory and common law claims, appellant does not address how his status as a trespasser impacts his common law negligence claim. In fact, appellant's brief does not address his common law negligence claim at all. Appellant challenges the trial court's finding that he was a trespasser solely in the context of his statutory claim. We also note that appellant's response to appellees' motion for summary judgment did not address his common law negligence claim. Therefore, we will only address appellant's statutory claim. See State v. Bailey, Franklin App. No. 04AP-553, 2005-Ohio-4068, at fn.1 (disregarding portion of assignment of error when not argued on appeal).