[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 523.]

THE STATE EX REL. BURNES, APPELLANT, *v.* ATHENS COUNTY CLERK OF COURTS, APPELLEE.

[Cite as *State ex rel. Burnes v. Athens Cty. Clerk of Courts*, 1998-Ohio-3.]

*Mandamus to compel clerk of courts to docket and file relator's motion involving a child-support obligation in a civil proceeding in the court of appeals—Writ denied, when.*

(Nos. 98-808 and 98-1130—Submitted September 15, 1998—Decided November 10, 1998.)

APPEALS from the Court of Appeals for Athens County, No. 97 CA 38.

_____

{¶ 1} In May 1997, the Athens County Court of Common Pleas ordered appellant, Ellyn J. Burnes, to transfer certain real estate to satisfy a child-support obligation in a civil proceeding. Shortly thereafter, Burnes, noting her intention to appeal the May 1997 order, attempted to have filed in the Court of Appeals for Athens County a motion "for stay of visitation schedule in divorce decree and injunction to prevent transfer of real estate pending appeal." According to Burnes, appellee, Athens County Clerk of Courts, filed the motion in the common pleas court, rather than in the court of appeals, because Burnes had not yet filed an appeal.

{¶ 2} In May 1998, Burnes filed a complaint in the court of appeals for a writ of mandamus to compel the clerk to properly docket and file her motion in the court of appeals. The clerk filed a motion to dismiss or, in the alternative, for summary judgment. The clerk attached to her motion an affidavit of a deputy clerk, asserting that all documents submitted for filing by Burnes were properly docketed and filed and that none of the documents had been refused by the clerk's office. Burnes filed a brief in opposition to the clerk's motion but did not file any Civ.R.

56 evidence, *i.e.*, depositions, answers to interrogatories, written admissions, affidavits, etc., supporting her claim.

{¶ 3} The court of appeals granted the clerk's motion for summary judgment and denied the writ. The court of appeals subsequently denied Burnes's application for reconsideration (case No. 98-808) and motion for appointment of counsel on appeal (case No. 98-1130).

{¶ 4} This cause is now before the court upon Burnes's appeals as of right.

_____

*Ellyn J. Burnes, pro se*.

_____

***Per Curiam.***

{¶ 5} Burnes asserts that the court of appeals erred in its various rulings. For the reasons that follow, however, Burnes's contentions lack merit.

{¶ 6} First, the court of appeals properly denied the writ. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of her pleading, but her response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). The clerk supported her summary judgment motion with an affidavit, which established that all of Burnes's documents were properly docketed and filed. Burnes rested on the mere allegations of her complaint, and she failed to file Civ.R. 56 evidence setting forth specific, material facts supporting her claimed entitlement to extraordinary relief in mandamus.

{¶ 7} Second, Burnes's request for reconsideration was a nullity because her mandamus action was an original action filed in the court of appeals, thus rendering App.R. 26(A) inapplicable. *State ex rel. Clark v. Lile* (1997), 80 Ohio

St.3d 220, 221, 685 N.E.2d 535, 536; *State ex rel. Pajestka v. Faulhaber* (1977), 50 Ohio St.2d 41, 42, 4 O.O.3d 113, 113-114, 362 N.E.2d 263, 263-264.

{¶ 8} Finally, unlike criminal litigation, there is no general right of counsel in civil litigation. See, generally, *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, 515 N.E.2d 928, 930-931. Burnes has also not specified any pertinent statute or rule entitling her to appointed counsel in this appeal. See *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 206-207, 614 N.E.2d 827, 832; cf. *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 693 N.E.2d 794.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

1. We deny Burnes's motion for "restraint and injunction" to prevent the clerk from "invading [her] privacy." We lack jurisdiction to issue relief in the nature of a prohibitory injunction. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 426, 687 N.E.2d 283, 284.