OPINION
{¶ 1} Plaintiffs-Appellants, Gary Brubaker, Kevin Branham and James Feffer (hereinafter referred to jointly as "Appellants"), appeal a judgment of the Defiance County Court of Common Pleas, granting summary judgment to Defendant-Appellee, Ron Retcher. On appeal, Appellants assert that the trial court erred in granting summary judgment. Finding that the trial court properly determined that there was no agreement between the parties as to the division of winnings and that the winning ticket was outside of any possible pooling agreement, we affirm the judgment of the trial court.
 {¶ 2} Appellants and Retcher were all co-workers that had pooled their moneys together over the years to play various Ohio Lottery Games in order to increase their chances of winning. In May of 2005, Retcher and Branham met to discuss pooling moneys to play the Rolling Cash 5 Lottery for a period of two weeks. Appellants and Retcher were the proposed members. All of Retcher's discussions about the pool were with Branham, and Branham spoke with Brubaker and Feffer about the pool.
 {¶ 3} In their initial conversation about the pool, Retcher and Branham discussed that the pool would play the same numbers for the two week period. Additionally, Retcher originally proposed that if each of the Appellants agreed to contribute three dollars a day toward the pool, he would contribute five dollars a day. Retcher and Branham also agreed that, under the above terms, any winnings would be distributed equally. According to Branham, Retcher also stated that if the others only wanted to play two dollars a day that would be fine. However, Branham stated Retcher did not mention how the winnings would be split under an agreement for less than three dollars a day. Retcher did not recall discussing the others playing less than three dollars per day.
 {¶ 4} Branham was able to solicit Brubaker and Feffer to participate in the pool; however, each of the Appellants only agreed to contribute two dollars per day to the pool. Subsequently, Retcher received seventy-two dollars from Branham. At that time, Retcher decided he was only going to contribute two dollars per day, based upon the others contribution, and claims to have told Branham. Branham stated that Retcher never told him of his decision to contribute less than five dollars per day.
 {¶ 5} Subsequently on Monday, May 23, 2005, Retcher purchased two twenty-four dollar pool tickets that were valid for one week. The pool tickets contained eight plays per day for a six day period. These tickets were purchased using numbers that Branham and Feffer had picked as well as numbers that Retcher had picked for himself and Brubaker. These tickets did not win.
 {¶ 6} Later that same day, Retcher purchased an additional lottery ticket while he was on his way to visit his brother. He bought an additional one-day five dollar Rolling Cash 5 ticket with numbers completely different from the numbers that had been on the tickets purchased for the pool. Later that same evening, the drawing was held for the Rolling Cash 5, and one of the numbers on the one-day five dollar ticket bought by Retcher won approximately one hundred and one thousand dollars. Retcher claimed these winnings as his own.
 {¶ 7} The following Monday May 30, 2005, Retcher used the remaining forty-eight dollars to purchase the remaining pool tickets for the second week of the pooling period. Again, this ticket contained eight plays per day for a six day period. Retcher used the same numbers. These tickets did not win.
 {¶ 8} In June of 2005, Appellants collectively filed a complaint against Retcher. Appellants requested a judgment regarding the rights and duties of the parties toward each other with regards to the winnings; that the Ohio Lottery Commission be restrained from paying the lottery proceeds until the trial court decided the issue; and, that Retcher be restrained from disposing of or encumbering any of the lottery proceeds. Subsequently, a joint entry was filed by the parties dismissing the Ohio Lottery Commission from the case.
 {¶ 9} In August of 2005, Retcher filed a motion for summary judgment. In his motion for summary judgment, Retcher asserted that there was no agreement between the parties; that if there was an agreement, that agreement had been satisfied by the parties and the winning ticket was not part of that agreement; and, that if there was an agreement and Retcher had breached the agreement, Appellants were only entitled to expectation damages alone. Subsequently, Appellants filed their motion in opposition to Retcher's motion for summary judgment.
 {¶ 10} In November of 2005, the trial court granted Retcher's motion for summary judgment, finding that the issue before the trial court was whether there is a legally enforceable agreement between the parties. Upon review of the evidence, the trial court concluded that there was no actual agreement between the parties based upon the two dollar per day contribution.
 {¶ 11} It is from this judgment Appellants appeal, presenting the following assignment of error for our review.
THE TRIAL COURT ERRORED IN GRANTING DEFENDANT APPELLEE'SMOTION FOR SUMMARY JUDGMENT.
 {¶ 12} In the sole assignment of error, Appellants assert that the trial court erred in granting Retcher's motion for summary judgment. Specifically, Appellants assert that viewing the evidence in a light most favorable to Appellants there is a genuine issue of material fact as to whether that there was a meeting of the minds between the parties as to how the winnings should be divided. Additionally, Appellants assert that even if there were no meetings of the mind as to how the winnings were to be divided, there is a genuine issue of material fact based upon the theories of implied or quasi contracts.
 {¶ 13} An appellate court reviews a summary judgment order de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. DaytonHeidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, at ¶25, citing State ex rel. Cassels v. Dayton City School Dist. Bd.Of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton v. HarwickChemical Corp., 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-59, 1992-Ohio-95.
 {¶ 14} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. Stateex rel. Burnes v. Athens City Clerk of Courts,83 Ohio St.3d 523, 524, 1998-Ohio-3; see, also, Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 {¶ 15} In the case sub judice, Appellants assert that the trial court erred in finding that there was no agreement between the parties as to the division of the winnings. Upon review of the evidence, we agree with the trial court's determination that there was no agreement between the parties as to the divisions of any winnings. Specifically, as noted above, Retcher purportedly offered to contribute five dollars per day to Appellants' contributions of three dollars per day. While it is questionable as to whether Retcher's five dollar contribution extended to Appellants' contributing only two dollars per day, that issue is irrelevant. Essentially, Appellant, Branham, unequivocally stated during his deposition that he did not know what the division of the winnings would be if Appellants were only to contribute two dollars per day. Thus, regardless of Retcher's offer, the trial court correctly found that the parties failed to come to an agreement on a key contractual term as to the pooling agreement.
 {¶ 16} Furthermore, even if we were to find an agreement existed between the parties, we find the facts presented clearly show that the winning ticket bought by Retcher was outside of any possible pooling agreement. Considering the testimony given by Appellants, even if Retcher had abided by the original terms of the agreement, which included his contributing five dollars per day, there would have been a total of eleven plays per day. The eleven plays per day would be made up of each of Appellants' two dollars per day contribution, totaling six dollars, plus Retcher's five dollar per day contribution. However, here Retcher purchased a total of thirteen plays on the day in question; the eight plays for six days for the pool, and a separate single day five plays ticket.
 {¶ 17} As noted above, on Monday, May 23, 2005, Retcher purchased two twenty-four dollar pool tickets that were valid for one week. The pool tickets contained eight plays per day for a six day period. Later that same day, Retcher purchased an additional lottery ticket at a different location. He bought an additional one-day five dollar Rolling Cash 5 ticket, which contained five plays, with numbers completely different from the numbers that had been on the tickets purchased for the pool. It was this single day ticket that held the winning numbers.
 {¶ 18} Upon review of this evidence, we find that there is no genuine issue as to any material fact, that reasonable minds can come to but one conclusion, that conclusion is adverse to the party against whom the motion for summary judgment is made, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton, 73 Ohio St.3d at 686-687. Even when considering these facts in a light most favorable to Appellants, we simply cannot find the second ticket was part of any pooling agreement. Accordingly, the sole assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.