OPINION
{¶ 1} Plaintiffs-Appellants, Robert and Marilyn Arn, appeal a judgment of the Hardin County Court of Common Pleas, granting Defendant-Appellee's, United Services Automobile Association ("USAA"), motion for summary judgment. This case involves a claim for underinsured motorist ("UIM") coverage under an umbrella policy issued by USAA. On appeal, Appellants assert that the trial court erred in granting summary judgment, claiming that USAA, had not complied with the requirement in Linko v.Indemnity Ins. Co., 90 Ohio St.3d 445, 2000-Ohio-92, providing an ineffective rejection of UIM coverage for that policy. As such, Appellants assert that they are entitled to UIM coverage for one million dollars under the umbrella policy. Finding that the trial court correctly found that this policy did not fall within the purview of Linko and that UIM coverage should not be implied as a matter of law, we affirm the judgment of the trial court.
 {¶ 2} The umbrella policy at issue in this case was initially issued in November of 1989. The umbrella policy has liability limits of one million dollars and was written without UIM coverage. Prior to the issuance of the umbrella policy, Robert Arn signed the following UIM rejection form, which was prepared by USAA:
In accordance with the law in my state, which permits thenamed insured on the policy to reject Uninsured/UnderinsuredMotorist Cover, I, the named insured, hereby reject this coverageon my Umbrella Policy. (para.) I understand this does not affectthe UM/UIM coverage on my Automobile Policy.
The umbrella policy renewed every year through November of 2003.
 {¶ 3} In October of 2004, Appellants were involved in a motor vehicle collision and were seriously injured. The tortfeasors in that accident were insured by Allstate, and Appellants received the maximum insurance amount available from Allstate for the accident, which totaled two hundred thousand dollars. At the time of the accident, Appellants had both an auto policy and the above mentioned umbrella policy with USAA. The auto policy carried a total of five hundred thousand dollars of UIM coverage.
 {¶ 4} In July of 2005, Appellants filed a complaint against USAA, claiming they were entitled to UIM coverage under their umbrella policy for one million dollars. Appellants' complaint was based upon the theory that USAA's rejection form was ineffective under Linko, supra. Thus, Appellants claimed they were entitled to UIM coverage under the umbrella policy by operation of law.
 {¶ 5} Subsequently, both Appellants and USAA filed motions for summary judgment. In February of 2006, the trial court denied Appellants' motion for summary judgment and granted USAA's motion for summary judgment. Specifically, the trial court found that Appellants' insurance policy at issue here was renewed after the enactment of SB 97, which dispensed with the requirement that an insurer offer UIM coverage. Thus, the trial court found that the policy did not fall within the purview of Linko and that coverage should not be implied by an operation of law.
 {¶ 6} It is from this judgment Appellants appeal, presenting the following assignment of error for our review.
THE COURT ERRED IN GRANTING SUMMARY JUDGMENT BY REVISING ACONTRACT OF INSURANCE BASED ON SUBSEQUENT STATUTORY ENACTMENT TOWHICH NEITHER PARTY ASSENTED.
 {¶ 7} In their sole assignment of error, Appellants assert that the trial court erred in granting summary judgment. Specifically, Appellants argue that because USAA's rejection form did not comply with the requirements of Linko, Appellants UIM coverage arises by operation of law.
 {¶ 8} An appellate court reviews a summary judgment order de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. DaytonHeidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, at ¶25, citing State ex rel. Cassels v. Dayton City School Dist. Bd.Of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton v. HarwickChemical Corp., 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-59, 1992-Ohio-95.
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. Stateex rel. Burnes v. Athens City Clerk of Courts,83 Ohio St.3d 523, 524, 1998-Ohio-3; see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 {¶ 10} In the case sub judice, Appellants contend that the trial court erred in granting summary judgment to USAA because there is a genuine issue of fact as to whether they effectively rejected UIM coverage in an amount equal to the liability coverage of their policy. When a legally effective rejection of UIM coverage does not take place, Appellants assert that the UIM coverage limits of a policy are equal to its liability limits by operation of law.
 {¶ 11} To support their claim, Appellants rely on Linko v.Indemnity Ins. Co. of North America, 90 Ohio St.3d 445. InLinko, the Ohio Supreme Court restated a previously well-settled rule in Ohio that UIM coverage can be excluded from an insurance policy only by a meaningful offer and written rejection of that provision by the insured. Id. at 449. Absent a meaningful offer and written rejection, UIM coverage is deemed equal to the liability limits of a policy. Id. See, also,Schumacher v. Kreiner, 88 Ohio St.3d 358, 2000-Ohio-344
(holding under former R.C. 3937.18 that the failure of an insurance company to offer UM/UIM coverage results in an insured acquiring such coverage in an amount equal to the liability coverage by operation of law).
 {¶ 12} USAA, however, asserts that the 2001 amendments to R.C. 3937.18 eliminated the requirement that an insurance company offer UM/UIM coverage, and that the recent changes to the law became a part of Appellants policy when it renewed in November of 2003. We agree.
 {¶ 13} In October of 2001, S.B. 97 went into effect, amending R.C. 3937.18. With respect to UM/UIM coverage, R.C. 3937.18 now states that any insurance policy that insures against loss "arising out of the ownership, maintenance, or use of a motor vehicle, may, but is not required to, include uninsured motorist coverage, underinsured motorist coverage," or both. (Emphasis added.) Accordingly, insurance companies that issue or renew policies after October of 2001 are no longer required to offer, and obtain a written rejection of, UM/UIM coverage. Section 3 of S.B. 97 went on to state that in amending R.C.3937.18, it was the intent of the General Assembly to eliminate the requirement of a mandatory offer of UM/UIM coverage, and to supersede the holdings in Linko, Gyori, Schumacher, and their progeny.
 {¶ 14} The statutory law in effect at the time an insurance policy is issued or renewed defines the scope of underinsured motorist coverage in the policy. Wolfe v. Wolfe,88 Ohio St.3d 246, 2000-Ohio-322; Ross v. Farmers Ins. Group of Cos.82 Ohio St.3d 281, 1998-Ohio-381. Appellants' policy renewed in November of 2003, pursuant to R.C. 3937.31, which provides that auto insurance policies must remain in effect for a minimum of two years, and the commencement of each renewal period creates a new policy. Wolfe, 88 Ohio St.3d at 250.[1]
 {¶ 15} When Appellants' policy renewed in November of 2003, R.C. 3937.18 did not include a requirement that an insurer offer, and obtain a written rejection of, UIM coverage. Accordingly, the trial court correctly concluded that UIM coverage under the umbrella policy should not be implied as a matter of law, and the sole assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] USAA contends that the umbrella policy renewed every year. In accordance with R.C. 3937.37, a policy must remain in effect for two years. Thus, the November 1989 umbrella policy would have re-newed in 1991, 1993, 1995, 1997, 1999, 2001, and 2003. Therefore, the policy we are required to consider is the November 2003 policy.