OPINION
{¶ 1} Plaintiffs-Appellants, Charles Kehres, Jeannette Kehres and Phillip Kehres (hereinafter referred to jointly as "Appellants"), appeal a judgment of the Crawford County Court of Common Pleas, granting Defendants-Appellees', James and Alanna Hering, motion for summary judgment. On appeal, Appellants assert that the trial court erred in granting the Herings' motion for summary judgment, based upon common law liability for the bite of a vicious dog. Finding that the Herings were not owners, keepers or harborers of the dog at the time of the bite, the judgment of the trial court is affirmed.
 {¶ 2} In June of 1997, the Herings adopted a dog named "Jack" from the Franklin County Animal Shelter. The Herings made Jack a part of their family, which consisted of the Herings and their two young children. Jack was a well-behaved dog and exhibited no problems until the spring of 2001.
 {¶ 3} At that time, the Herings began to notice behavioral changes in Jack. Specifically, Jack exhibited food aggression and developed a hierarchy of obedience. Jack also nipped at the Herings' young daughter's face at that time as well. Subsequently, the Herings consulted their veterinarian about the nipping incident and Jack's behavioral changes. Their veterinarian made several suggestions, which the Herings implemented, and Jack's behavior improved.
 {¶ 4} In July of 2001, the Herings moved to Marion, Ohio, and Jack again began to show signs of aggressive behavior. Specifically, Jack began to act uncomfortable around visitors. The Herings consulted a trainer at the Edgefield Animal Care Center and enrolled Jack in an intensive training program. The Herings learned to handle Jack with consistency, and Jack was obedient with all members of the family.
 {¶ 5} In May of 2002, Jack nipped at a visitor. At that point, the Herings decided they could no longer keep Jack in their home. After speaking with Jack's obedience trainer, the Herings decided that Jack could be a good pet in the right environment. The Herings placed an ad in the newspaper offering Jack "free to a good home." Additionally, the ad stated that Jack had special needs and was not good with children. Jacob Pitzen responded to the ad. Pitzen had no children, and, after the Herings explained Jack's past to him, Pitzen agreed to adopt Jack. The Herings gave Jack to Pitzen, along with all of Jack's related gear. Pitzen attended a refresher training session with the Herings and Jack's obedience trainer. Finally, Pitzen signed an adoption agreement, which specifically listed Jack's history and special needs.
 {¶ 6} The Herings visited Jack a couple of times in the summer of 2002, but had no contact with Pitzen or Jack thereafter. In September of 2003, the Herings moved to Albuquerque, New Mexico.
 {¶ 7} In August of 2003, Charles Kehres was bitten by Jack.
 {¶ 8} In September of 2003, Appellants filed a complaint against Pitzen and James and Alicia Auck in the Crawford County Court of Common Pleas. Appellants' complaint alleged Pitzen and the Aucks' were liable for damages caused by the bite. In May of 2004, Appellants filed an amended complaint, naming the Herings as added defendants. In their amended complaint, Appellants asserted that the Herings were owners, harborers or keepers of Jack, that the Herings had transferred possession of Jack to Pitzen, that the Herings knew of Jack's aggressive behavior, and that the Herings were negligent in their transfer of Jack and were the proximate cause of the damages suffered by Appellants.
 {¶ 9} In April of 2005, the Herings filed a motion for summary judgment. Specifically, the Herings argued that they were not liable as a matter of law, because they did not own, keep or have control over Jack for more than one year prior to the bite. In May of 2005, Appellants filed their motion in opposition to the Herings' motion for summary judgment. Subsequently, the Herings filed a reply to Appellants' motion in opposition to their motion for summary judgment.
 {¶ 10} On May 31, 2005, the trial court granted the Herings' motion for summary judgment. Specifically, the trial court found that because the Herings were not the owner or keeper of Jack at the time of the bite, they could not be held liable.
 {¶ 11} In June of 2005, a bench trial was held on the issue of Pitzen's and the Aucks' liability to Appellants for the bite. The trial court found those defendants jointly and severally liable to Appellants. In December of 2005, a damages hearing was held, and, in January of 2006, the trial court issued its final judgment entry.
 {¶ 12} In February of 2006, Appellants timely filed a notice of appeal. It is from the May, 2005, judgment granting the Herings' motion for summary judgment that Appellants appeal, asserting the following assignments of error for our review.
 Assignment of Error No. I A CAUSE OF ACTION FOR NEGLIGENCE IN THE KEEPING OF A VICIOUSDOG IS STATED UNDER THE COMMON LAW BY ESTABLISHING THAT THE OWNERHAD KNOWLEDGE OF THE DOG'S VICIOUSNESS AND NEVERTHELESS KEPT THEDOG.
 Assignment of Error No. II THE COURT ERRED IN FINDING THAT THE ADDED DEFENDANTS COULDESCAPE THEIR COMMON LAW LIABILITY BY GIVING AWAY "OWNERSHIP."
 Assignments of Error Nos. I II {¶ 13} In the first and second assignments of error, Appellants assert that the trial court erred in granting summary judgment. Specifically, Appellants assert that the trial court erred because the evidence shows that the Herings knew of Jack's aggressive tendencies and nevertheless kept the dog. Additionally, Appellants contend that the Herings were unable to escape liability by transferring ownership of Jack to Pitzen. Because these assignments of error are interrelated, we will address them together.
 {¶ 14} An appellate court reviews a summary judgment order de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. DaytonHeidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, at ¶25, citing State ex rel. Cassels v. Dayton City School Dist. Bd.Of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton v. HarwickChemical Corp., 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-59, 1992-Ohio-95.
 {¶ 15} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. Stateex rel. Burnes v. Athens City Clerk of Courts,83 Ohio St.3d 523, 524, 1998-Ohio-3; see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 {¶ 16} In Ohio, a suit for damages resulting from a dog bite can be instituted under both statutory (strict liability pursuant to R.C. 955) and common law. In the case sub judice, Appellants argue that the evidence is sufficient to establish a common law claim against the Herings.
 {¶ 17} Under the common law, a plaintiff suing for injuries inflicted by a dog must show that the defendant "owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness and that the defendant was negligent in keeping the dog." Flint v. Holbrook (1992),80 Ohio App.3d 21, 25-26. An "owner" is the person to whom the dog belongs. Garrard v. McComas (1982), 5 Ohio App.3d 179, 182. A "keeper" is the person who has physical care or charge of the dog. Id. And finally, a "harborer" is one who "has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence." Khamis v. Everson (1993),88 Ohio App.3d 220, 226, citing Flint, 80 Ohio App.3d at 25.
 {¶ 18} While Appellants argue that the Herings should be liable for Jack's behavior based upon their prior ownership of the dog, we cannot find that the Herings meet the definition of an owner, keeper or harborer. The record clearly establishes that the Herings owned Jack from 1997 until May of 2002, and that the Herings transferred that ownership to Pitzen in June of 2002. At the time of the bite in August of 2003, the Herings were not an owner, a keeper, or a harborer. The statutory and common law are both clear in the requirement that only owners, keepers and harborers are to be held liable for the attack of a vicious dog. We will not extend such liability to prior owners that transferred a dog and gave notice of the dog's past aggressive behavior.
 {¶ 19} Having found that the Herings were not an owner, a keeper, or a harborer of Jack at the time of the bite, the trial court properly granted the Herings' motion for summary judgment. Accordingly, the first and second assignments of error are overruled.
 {¶ 20} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J. concur.